This is an action to recover a tract of land in Pasquotank County. The only question now presented is whether a deed from Enoch and Fred B. Sawyer to Cary Weston and Joseph Seguine, dated 3 February, 1820, and offered in evidence by the plaintiff, was properly excluded by the court. The deed was proven in the court of pleas and quarter sessions of Camden County, and recorded on 3 April, 1821, in the office of the register of deeds of that county. A duly certified copy of the registry of this deed was, on 29 January, 1910, ordered to registration by the Clerk of the Superior Court of Pasquotank County and recorded by the register of deeds in said county, 21 April, 1910. This deed was a necessary link in the plaintiff's chain of title. The court having excluded the deed from the evidence, and having held there was no sufficient proof of the original, the plaintiffs excepted to the ruling, submitted to a nonsuit, and appealed.
After stating the case: The general rule undoubtedly is that a deed must be registered in the county where the land it conveys is situated, registration taking the place of livery of seizin, attornment, or other ceremony which the law formerly required to pass title. Rev. Stat., ch. 37, sec. 1; Rev. Code, ch. 37, sec. 1; Revisal (1905), sec. 980. But as probates were sometimes taken by officers who (265) had mistaken their powers, or who, having the power, had exercised it in the wrong way, and because deeds, owing to the uncertainty as to the boundary lines of counties, and perhaps for other reasons, had, in many instances, been registered in the wrong counties, the Legislature, with its usual wisdom, deemed it proper to validate such void or defective probates and registrations by a series of enactments, many of which will be found in the Revisal of 1905.
The Laws 1858-9, ch. 18, as well as the Rev. Code, ch. 37, sec. 29, had provided for just such a case as we have before us; but the defendant's counsel contend that as they were omitted from The Code of 1883 and the Revisal of 1905, and as the plaintiffs had not caused the registration in Pasquotank County of a certified copy of the registry in Camden County until 1910, they lost their right, under those acts, to *Page 216 
have the deed registered in the former county, where the land lies, The Code, by section 3867, and the Revisal, by section 5453, repealing all public and general statutes not contained therein; but by section 3868 of The Code, and section 5454, such repeal does not "affect any act done, or any right accruing or accrued or established, or any suit or proceeding had or commenced in any case before the time when such repeal shall take effect"; and it may, perhaps, admit of doubt, under those sections — though we do not decide the question or intimate any preferential opinion in regard to it — whether it was intended that The Code and Revisal should operate as a repeal of the act of 1858-9 and the previous enactment in chapter 37, sec. 29, of the Revised Code.
It is sufficient for our present purpose that we consider the Revisal of 1905, sec. 1009, which provides that "Wherever the judges of the Supreme or the Superior Courts, or the clerks or deputy clerks of the Superior Courts, or courts of pleas and quarter sessions, mistaking their powers, have essayed previously to the first day of January, 1889, to take probate of deeds or any instrument required or allowed by law to be registered, and have ordered said deeds registered, and the same have been registered, all such probates and registrations so taken and had are validated." It must be conceded that our case is embraced by the words or terms of this statute, and being within the letter, is it also (266) within the spirit of the law? It is evident from the general scope of all the legislation upon this important subject, that it was intended to ratify and validate what had erroneously been done by officials having general or special powers of probate and registration, so that the essence of what was done should not be sacrificed to the form of doing it, and to save rights of property where no substantial departure from legal requirements appeared, but merely an irregularity which could be cured without injury to the rights of others. The object of probate and registration in the county where the land lies was intended to give notice to creditors and purchasers for value, or others whose rights might otherwise be seriously and unjustly impaired by the deed, and this idea is emphasized in the act of 1885, ch. 147; Revisal, sec. 980, which differs somewhat in phraseology from prior enactments relating to the same subject, viz.: Laws 1715, ch. 7; Rev. Statutes and Rev. Code, ch. 37, sec. 1. A deed is good and valid between the parties thereto without registration, and may be proved on the trial as at common law. Warren v.Willeford, 148 N.C. 474; Pell's Rev., 980 and note.
In view of these settled principles, we may the more easily construe section 1009 of the Revisal, with reference to the registration of a deed in the wrong county, upon a probate taken according to law, or which, though originally void, has been validated by the Legislature; but before doing so, one position of the defendant requires attention. It is argued *Page 217 
by counsel that section 1009, which was taken from the Laws 1871-2, ch. 200, as amended by Laws 1889, ch. 252, and Laws 1891, ch. 484, does not refer to probates taken by the county courts, but to those of the clerks of said courts; but, in our opinion, the probates of the county courts were intended to be validated. The phraseology and punctuation, as well as the grammatical construction, of the statute, lead us to that conclusion. 36 Cyc., 1117. If the other meaning had been intended, the preposition "of" would have been inserted before the words "courts of pleas and quarter sessions." The section also validates registrations made upon such probates. It is provided by Revisal, sec. 988, that "A duly certified copy of any deed or writing, required or allowed to be registered, may be registered in any county; and the registry (267) or duly certified copy of any deed or writing when registered in the county where the land is situate may be given in evidence in any court of the State." This section is taken from Acts of 1858-9, ch. 18, and while its meaning, as it appears in the Revisal, is not very clear, when we refer to the original act and consider its context, we find no serious difficulty in construing it. The act of 1858-9 recites that wills, deeds, and other written instruments had been recorded in the wrong counties, and the act was passed to remedy the mischief by allowing certified copies of wills, deeds, and other writings thus erroneously registered to be recorded in the proper counties. This is expressly provided as to wills by the original act, and by clear implication the same rule is extended to deeds. But Rev. Code, ch. 37, sec. 29, provided that any deed for land, made prior to the year 1830 and registered in any county where any part of the land is situated, or in any adjoining county, or a copy of such deed duly certified by the register of deeds of the county wherein it was recorded, may be registered in the proper county. This section is not in The Code of 1883 or the Revisal of 1905, and counsel of defendant contend that it is, therefore, repealed by section 3867 of The Code and section 5453 of the Revisal; but section 3868 of The Code and section 5454 of the Revisal provide that the repealing clauses shall not "affect any act done, or any right accruing, accrued or established," and we think that the Rev. Code, ch. 37, sec. 29, and the act of 1858-9, ch. 18, so far validated the registration of this deed in Camden County as to bring it within the protection of the saving clauses of The Code (sec. 3868) and Revisal (sec. 5454); and even if the right to have the deed or a certified copy registered in Pasquotank was lost by a repeal of that part of the Revised Code, yet it may be registered in like manner under section 1599 of Revisal. The validation of the registry in Camden, to the extent stated, was "an act done or accomplished or a right accrued," and the machinery for transferring the registration to the proper county is found in the Revisal, sec. 1599, if otherwise it had been lost. *Page 218 
(268) A review of the legislation upon this matter satisfies us that it was intended to correct and remedy errors of registration as well as those of probate. They go hand in hand, and the one without the other would be of little or no avail. The statutes are highly remedial, and should be liberally construed, so as to embrace all cases fairly within their scope. It is constructive legislation; we are saving titles, and not destroying them. It has been said that "such acts are of a remedial character, and are the peculiar subjects of legislation. They are not liable to the imputation of being assumptions of judicial power."McFaddin v. Evans Co., 185 U.S. 505. It was further held that to validate defective probates and registrations is a proper exercise of legislative power and favored by the courts. Speaking to this question, the Court in Webb v. Den, 17 How. (U.S.), 576, said: "In the early settlement of most of our States, the forms of conveyances of land were very simple; and they were usually drawn either by the parties themselves or by persons equally ignorant of the proper forms of certificates of acknowledgment required by law. In some States the statutes concerning acknowledgments and registry were stringent, while the practice was loose and careless. And in some the courts, by unnecessary strictness in their construction of the statutes, added to the insecurity of titles, in a country where too many have acted on the supposition that every one who can write is fit for a conveyancer. The great evils likely to arise from a strict construction applied to the bona fide conveyances of an age so careless of form have compelled legislatures to quiet titles by confirmatory acts, in order to prevent the most gross injustice. The act in question is one of these; it is a wise and just act; it governs this case, and justifies the court in admitting this deed in evidence. . . . The registration being thus validated, copies of such deeds stand on the same footing with other legally registered deeds, of which copies are made evidence by the law." See, also, 6 A. E., 939; Barrett v. Barrett,120 N.C. 131; Gordon v. Collett, 107 N.C. 364; Vanderbilt v. Johnson,141 N.C. 370.
The county of Camden adjoins Pasquotank, and the copy of the deed duly certified by the register of the former county was properly (269) registered in the latter county, and the certified copy of this final registry should have been admitted in evidence. What the legal effect of the deed will be, in its bearing upon the facts of the case as they are disclosed by the evidence, we cannot now decide. There was error in refusing to admit the deed.
Defendant's counsel contend that the nonsuit was taken in deference to the judge's decision that sufficient evidence of the loss of the original deed had not been introduced to let in parol evidence of its execution and contents, but it appears to us that the reason for the nonsuit should not *Page 219 
be confined within such narrow limits, but extended to the entire adverse ruling. The exclusion of the deed was the real question involved, as it was a necessary link in the plaintiff's chain of title.
Reversed.
Cited: S. c., 168 N.C. 98.