ROLAND HICKS v. JAMES MICHAEL ALBERTSON

No. 52

(Filed 14 November 1973)

**1. Costs § 1— attorneys' fees as part of costs**

The general rule in this State is that, in the absence of statutory authority therefor, a court may not include an allowance of attorneys' fees as part of the costs recoverable by the successful party to an action or proceeding.

**2. Costs § 3— damages action — attorneys' fees as part of costs — liberal construction of statute**

Since it is a remedial statute, G.S. 6-21.1, providing for the allowance of attorneys' fees as part of court costs in damages actions where the judgment is two thousand dollars or less, should be construed liberally to accomplish the purpose of the Legislature and to bring within it all cases fairly falling within its intended scope.

**3. Costs § 3— attorneys' fees — discretionary award in settlement of case — presiding judge defined**

As used in G.S. 6-21.1, the term "presiding judge" means the judge presiding over the court in which the action is instituted, and such judge can, without danger of injustice, fix a reasonable fee for the attorney of the party recovering damages by settlement prior to trial.

**4. Costs § 3; Rules of Civil Procedure § 68— offer of judgment — inclusion of attorneys' fees — reasonable interpretation**

Where defendant offered to allow judgment to be taken "for the sum of $150 plus the costs accrued to the date of this offer," plain-

tiff's interpretation of the offer to include attorneys' fees as part of the costs was reasonable. G.S. 1A-1, Rule 68(a).

APPEAL by defendant from the decision of the North Carolina Court of Appeals, reported in 18 N.C. App. 599, 197 S.E. 2d 624, Judge Campbell having dissented therefrom.

The plaintiff brought this action in the District Court of Guilford County, High Point Division, for the recovery of $150.00 "and costs to include a reasonable attorney fee for plaintiff's attorney pursuant to G.S. 6-21.1," alleging that his automobile was damaged by the negligence of the defendant.

The defendant filed answer in which he asserted a counterclaim for the recovery of $350.00 as damages to his automobile, together with "the costs of this action, including a reasonable attorney's fee, to be taxed against the plaintiff."

The automobiles of the parties collided at an intersection of highways at which there was a traffic light. Each alleged that the driver of the other vehicle was driving at an excessive speed and ran through a red light. Each denied any negligence by the pleader or the driver of his vehicle.

Pursuant to Rule 68(a) of the Rules of Civil Procedure, G.S. 1A-1, the defendant made an offer "to allow judgment to be taken against him in the above entitled cause for the sum of $150.00 plus the costs accrued to the date of this offer." Within the time allowed by the rule, the plaintiff served a notice of acceptance of this offer of judgment "for the sum of $150.00 plus the costs accrued to the date of said offer to include as a portion of said cost attorney's fees to be taxed against the defendant pursuant to G.S. 6-21.1 accrued to said date in the discretion of the Court." On the same day the plaintiff served upon the defendant notice that the plaintiff would move the court to enter an order pursuant to G.S. 6-21.1 allowing reasonable attorney's fees as a portion of the costs.

Thereupon, the clerk entered judgment that the plaintiff have and recover of the defendant $150.00, "together with the costs accrued to January 31, 1973, including as a portion of said costs such attorney's fee as the court may order as having accrued in this matter as of January 31, 1973, pursuant to G.S. 6-21.1."

In due time plaintiff moved the court to tax a reasonable attorney's fee under G.S. 6-21.1 as a portion of the costs. This motion was heard before District Judge Haworth at a regular session of the District Court, counsel for both parties being present. Judgment was entered setting forth findings of fact made "upon the record and judicial admissions of counsel." Pertinent findings, in addition to findings of matters above stated, were: Prior to the institution of this action, the defendant denied all liability and refused to make any payment to the plaintiff; the plaintiff then retained counsel and instituted this action; defendant's counsel attempted to persuade plaintiff on two occasions to accept a lesser amount than that prayed for in the complaint, the plaintiff to pay his own counsel; finally, defendant's counsel recommended to the defendant that he pay the plaintiff's claim in the amount requested; and the reasonable value of the services of the plaintiff's attorney was $75.00. Upon these findings, the District Judge ordered that the costs of the action to be taxed against the defendant include the sum of $75.00 as a reasonable attorney's fee for the benefit of the plaintiff's counsel.

From the judgment so directing, the defendant appealed to the Court of Appeals, which affirmed the judgment of the District Court.

*Henson, Donahue & Elrod by Joseph E. Elrod III for defendant appellant.*

*Clontz, Gardner & Tate by J. W. Clontz and Rossie G. Gardner for plaintiff appellee.*

LAKE, Justice.

[1] "The general rule in this State is that, in the absence of statutory authority therefor, a court may not include an allowance of attorneys' fees as part of the costs recoverable by the successful party to an action or proceeding." *In re King,* 281 N.C. 533, 540, 189 S.E. 2d 158. "Except as so provided by statute, attorneys' fees are not allowable." *Baxter v. Jones,* 283 N.C. 327, 330, 196 S.E. 2d 193. See also, *Bowman v. Chair Co.,* 271 N.C. 702, 157 S.E. 2d 378. An exception, recognized in the case of a party who, by his own effort and at his own expense, has preserved or increased a common fund or common property in which others may share with him, has no application to the present case. See: *Hoskins v. Hoskins,* 259 N.C. 704, 131 S.E.

---

---

2d 326; *Rider v. Lenoir County,* 238 N.C. 632, 78 S.E. 2d 745; *Horner v. Chamber of Commerce,* 236 N.C. 96, 72 S.E. 2d 21; *Trust Co. v. Schneider,* 235 N.C. 446, 70 S.E. 2d 578.

G.S. 6-21.1 provides:

> "In any personal injury or property damage suit * * * instituted in a court of record, where the judgment for recovery of damages is two thousand dollars ($2,000.00) or less, the *presiding judge* may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment for damages in said suit, said attorney's fee to be taxed as a part of the court costs." (Emphasis added.)

[2] The obvious purpose of this statute is to provide relief for a person who has sustained injury or property damage in an amount so small that, if he must pay his attorney out of his recovery, he may well conclude that is not economically feasible to bring suit on his claim. In such a situation the Legislature apparently concluded that the defendant, though at fault, would have an unjustly superior bargaining power in settlement negotiations. It is, of course, a matter of common knowledge that a great majority of such claims arise out of automobile accidents in which the alleged wrongdoer is insured and his insurance carrier controls the litigation. This statute, being remedial, should be construed liberally to accomplish the purpose of the Legislature and to bring within it all cases fairly falling within its intended scope. *Weston v. Lumber Co.,* 160 N.C. 263, 75 S.E. 800; 50 AM. JUR., Statutes, §§ 303-305; 82 C.J.S., Statutes, § 388.

In the present case, a suit was instituted in a court of record for property damage and the judgment for recovery of damages was less than $2,000. Thus, the case falls squarely within the language of G.S. 6-21.1, unless the provision in the statute that the *presiding* judge may allow the fee as part of the costs excludes this case from the beneficent purpose of the statute.

[3] Where the suit is actually brought to trial, it is clear that the Legislature contemplated that the judge who presided at the trial would determine whether a fee for the attorney of the party recovering damages should be allowed and, if so, the amount. Such judge would be in a better position than any other

to make this determination. To hold, as the defendant here contends, that this use of the adjective "presiding" shows the Legislature intended that no fee be allowed in any case settled without actual trial is, in our opinion, to give this word an unreasonably strict construction.

So to construe the statute would defeat its purpose in large part, for such construction would require the claimant to insist that the case be carried to trial, thereby enlarging the reasonable attorney's fee, in order that his net recovery equal his actual loss. In this statute, we construe the term "presiding judge" to mean the judge presiding over the court in which the action is instituted. Such judge can, without danger of injustice, fix a reasonable fee for the attorney of the party recovering damages by settlement prior to trial. Here, the fee allowed was fixed by such judge. The defendant does not contend that the amount of it was unreasonable.

Rule 68(a) of the Rules of Civil Procedure provides:

"(a) *Offer of judgment.*—At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment * * * * "

In the present case, the clerk did enter judgment, providing therein that the plaintiff have and recover $150.00 together with the costs, including, as a portion of such costs, an attorney's fee to be fixed by the court. Under G.S. 6-21.1 the clerk had no authority to determine whether a fee should be allowed as part of the costs or to fix the amount of such fee.

[4] In his brief and oral argument in this Court, the defendant contended that the plaintiff's purported acceptance of the defendant's offer of judgment was, in reality, a counter-offer for the reason that while the defendant's offer was to allow judgment to be taken "for the sum of $150.00 plus the costs accrued to the date of this offer," the alleged acceptance added the provision for an attorney's fee. Both the plaintiff, in his complaint and in his reply, and the defendant, in his counterclaim,

prayed for the recovery of damages and costs, including a reasonable attorney's fee. G.S. 6-21.1 does not provide for the recovery of a reasonable attorney's fee in addition to the court costs but "as a part of the court costs." The acceptance of this offer of judgment by the plaintiff proceeded from a reasonable interpretation by the plaintiff of the defendant's offer. If this was not the interpretation intended by the defendant, the misunderstanding is due to ambiguous language used by the defendant in making his offer and the defendant must bear any loss resulting therefrom. *Yates v. Brown,* 275 N.C. 634, 170 S.E. 2d 477; *Root v. Insurance Co.,* 272 N.C. 580, 158 S.E. 2d 829; *Realty Co. v. Batson,* 256 N.C. 298, 123 S.E. 2d 744. Nothing in the record indicates that the defendant moved to vacate the judgment entered by the clerk on the ground of mistake or of failure of the plaintiff to accept the defendant's offer within the time allowed by Rule 68 (a) of the Rules of Civil Procedure.

Rule 68 (a) of the Rules of Civil Procedure provides for the making of an offer of judgment in a specified amount "with costs then accrued." Since the attorney's fee, when allowed, is "a part of the court costs" and the fee allowed was for services rendered prior to the date of the offer, we find nothing in Rule 68 (a) which supports the position of the defendant.

The defendant further contends that the findings of fact by the judge of the District Court are not supported by evidence, there having been no evidence introduced at the hearing on the plaintiff's motion for the allowance of an attorney's fee as part of the court costs. The material findings are all fully supported by the pleadings, the offer of judgment, the notice of acceptance thereof and the motion for the allowance of the attorney's fee. In addition, the judgment refers to unspecified judicial admissions. Apparently these include some made in the argument of the motion.

The judgment of the Court of Appeals is, therefore,

Affirmed.