ALICE JEANETTE AIKENS, PLAINTIFF v. MONICA HOBBY LUDLUM AND
HENRY BRUCE LUDLUM, III, DEFENDANTS

No. 9210SC1304

(Filed 1 March 1994)

**1. Judgments § 115 (NCI4th)— offer of judgment—lump sum**

A lump sum offer of judgment is permissible under Rule 68, but it is incumbent on the defendant to make sure that he has used language which conveys that he is making a lump sum offer. N.C.G.S. § 1A-1, Rule 68.

**Am Jur 2d, Judgments §§ 1132-1137.**

**2. Judgments § 115 (NCI4th)— offer of judgment—ambiguity— lump sum not intended**

Defendants' offer of judgment "of $10,001.00 for all damages and attorney's fees taxable as costs, together with the remaining costs accrued at the time this offer is filed" was ambiguous as to whether it included only the substantive claim and attorney's fees or whether it was a lump sum offer that also included other costs such as interest. Construing the offer against defendants, as the drafters thereof, no lump sum offer was intended, and the case is remanded for entry of a judgment for $10,001.00 (which includes damages and attorney's fees) plus those remaining accrued costs (which includes interest) to be calculated by the court.

**Am Jur 2d, Judgments §§ 1132-1137.**

Appeal by plaintiff from judgment entered 6 November 1992 by Judge F. Gordon Battle in Wake County Superior Court. Heard in the Court of Appeals 29 October 1993.

*E. Gregory Stott for plaintiff-appellant.*

*Bailey & Dixon, by David S. Coats, for defendant-appellees.*

LEWIS, Judge.

By this appeal we are asked to interpret the provisions of an Offer of Judgment made pursuant to Rule 68 of the North Carolina Rules of Civil Procedure. There is no dispute between the parties as to the underlying facts, only as to the effect of

defendants' Offer of Judgment. On 15 October 1992, defendants served plaintiff with an Offer of Judgment which stated:

> Defendants, pursuant to G.S. § 1A-1, Rule 68, more than ten days before trial, offers [sic] to allow judgment to be taken against them in this action in the amount of $10,001.00 for all damages and attorney's fees taxable as costs, together with the remaining costs accrued at the time this offer is filed.

(Emphasis added.) Five days later plaintiff filed his Notice of Acceptance which stated: "The plaintiff hereby accepts Offer of Judgment in the sum of $10,001.00 tendered by defendant together with cost[s] accrued at the time said offer was filed." This matter came on for hearing before Judge Battle on plaintiff's oral motion to have costs and interest assessed against defendants. After hearing the arguments of counsel, Judge Battle ruled that defendants' Offer of Judgment included all costs and interest and that plaintiff was not entitled to anything beyond $10,001.00. Plaintiff now appeals and we reverse.

[1] A purpose of Rule 68 is to encourage compromise and to avoid protracted litigation. *Scallon v. Hooper*, 58 N.C. App. 551, 293 S.E.2d 843, *disc. review denied*, 306 N.C. 744, 295 S.E.2d 480 (1982). To that end Rule 68 provides in pertinent part:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment.

N.C.G.S. § 1A-1, Rule 68(a) (1990). The specific issue presented by this appeal is whether defendants have made a valid lump sum offer of judgment. This first requires us to determine if lump sum offers are valid. Because the North Carolina decisions addressing Rule 68 are insufficient to answer this question, we are guided by federal law since the North Carolina version of Rule 68 is virtually identical to its United States counterpart. *See Purdy v. Brown*, 56 N.C. App. 792, 290 S.E.2d 397, *rev'd on other grounds*, 307 N.C. 93, 296 S.E.2d 459 (1982).

AIKENS v. LUDLUM

[113 N.C. App. 823 (1994)]

One of the critical features of any Rule 68 offer of judgment is that it must include a tender of costs then accrued. G. Gray Wilson, *North Carolina Civil Procedure*, § 68-1 (1989). However, the United States Supreme Court's decision of *Marek v. Chesny*, 473 U.S. 1, 87 L. Ed. 2d 1 (1985), reveals that there are several ways in which an offer of judgment may include costs:

> [i]f an offer recites that costs are included or specifies an amount for costs, . . . the judgment will necessarily include costs; if the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion it determines to be sufficient to cover the costs.

*Id.* at 6, 87 L. Ed. 2d at 7. This language essentially gives a defendant who makes an offer of judgment three options: 1) to specify the amount of the judgment and the amount of costs, 2) to specify the amount of the judgment and leave the amount of costs open to be determined by the court, or 3) to make a lump sum offer which expressly includes both the amount of the judgment and the amount of costs.

Not only is the language used by the Supreme Court important to a complete understanding of this dispute, but so, too, is the context in which it arose. In *Delta Air Lines Inc. v. August*, 450 U.S. 346, 67 L. Ed. 2d 287 (1981), Justice Powell, in a separate concurring opinion, argued that a lump sum offer of judgment did not comply with the dictates of Rule 68 because an offer of judgment should consist of two components: the substantive relief and the costs then accrued. Under Justice Powell's interpretation, the substantive relief component of the offer had to be exact, but the costs component could either be specified or left open for a later determination by the court. It was this component approach which the Supreme Court rejected in *Marek*. The Court stated that:

> [t]he critical feature of this portion of the Rule is that the offer be one that *allows judgment to be taken against the defendant for both the damages caused by the challenged conduct and the costs then accrued.* In other words, the drafters' concern was not so much with the particular components of offers, but with the *judgments* to be allowed against defendants.

*Marek* at 6, 87 L. Ed. 2d at 7 (emphasis in original). Therefore, after *Marek* it is clear that a lump sum offer of judgment is permissible, but it is incumbent on the defendant to make sure that he has used language which conveys that he is making a lump sum offer.

[2]  The relevant portion of defendants' Offer of Judgment allows judgment to be taken against them for "$10,001.00 for all damages and attorney's fees taxable as costs, together with the remaining costs accrued." It is plaintiff's contention that defendants' use of the language "together with" evidences an intent to make an offer of judgment only as to the substantive claim and attorney fees, but not as to any other costs such as interest. We agree.

In *Marek* the lump sum offer of judgment was "for a sum, including costs now accrued and attorney's fees, of ONE HUNDRED THOUSAND ($100,000) DOLLARS." There can be no doubt from this language that a lump sum offer of judgment was intended. However, as to the Offer of Judgment in the present case, it is not clear whether the "together with" clause modifies the "all damages" language or whether it is a separate component to be determined by the court because of the way in which it is set off by a comma. Therefore, defendants' Offer of Judgment is ambiguous at best.

We find this situation analogous to that in *Hicks v. Albertson*, 284 N.C. 236, 200 S.E.2d 40 (1973). There the Supreme Court was called upon to interpret an offer of judgment which allowed "judgment to be taken against [defendant] . . . for the sum of $150.00 plus the costs accrued to the date of this offer." *Id.* at 237, 200 S.E.2d at 41. The plaintiff accepted the offer but argued on appeal that he interpreted costs to include attorney's fees. In holding that plaintiff's interpretation was reasonable the Supreme Court stated: "If this was not the interpretation intended by the defendant, the misunderstanding is due to ambiguous language used by the defendant in making his offer and the defendant must bear any loss resulting therefrom." *Id.* at 241, 200 S.E.2d at 43.

In applying *Hicks* to the present case we find that any ambiguity is the result of poor drafting on the part of defendants. A review of plaintiff's Notice of Acceptance shows that plaintiff thought he was accepting something different from what defendants thought they were offering. We find that defendants' Offer of Judgment is ambiguous as to whether or not a lump sum offer of judgment was intended. Therefore, construing the offer against defendants,

as the drafters, we conclude that a lump sum offer was not intended, and we remand this case to the trial court for entry of an order for $10,001 (which includes damages and attorney's fees) plus those remaining costs accrued (which include interest), to be calculated by the court.

Reversed.

Judges WYNN and McCRODDEN concur.