**HARWARD v. SMITH**

[114 N.C. App. 263 (1994)]

LILLIE LUCILLE HARWARD v. CHERYL SMITH

No. 9310SC633

(Filed 5 April 1994)

**Judgments § 115 (NCI4th) — lump sum offer of judgment — inclusion of attorney's fees and costs**

Defendant's offer of judgment "in the lump sum of $7,001.00 for all damages, attorneys' fees taxable as costs, and the remaining costs accrued at the time this offer is filed" evinces an unmistakable intent that the $7,001.00 lump sum be payment not only for plaintiff's damages but also for her attorney's fees and the costs accrued at the time the offer was filed, and the trial court erred by ordering defendant to pay plaintiff's attorney's fees and the costs of the action in addition to the sum of $7,001.00.

**Am Jur 2d, Costs § 22; Judgments § 1137.**

Appeal by defendant from judgment entered 20 May 1993 in Wake County Superior Court by Judge Narley L. Cashwell. Heard in the Court of Appeals 9 March 1994.

*E. Gregory Stott for plaintiff-appellee.*

*Bailey & Dixon, by David S. Coats, for defendant-appellant.*

GREENE, Judge.

Cheryl Smith (defendant) appeals from judgment entered 20 May 1993 ordering her to pay to Lillie Lucille Harward (plaintiff) $7,001.00, taxing as costs to defendant plaintiff's attorney's fees of $4,808.00, and taxing the costs of the action against defendant.

This action arose out of an automobile accident between plaintiff and defendant which occurred on 11 February 1991. On 4 December 1991, plaintiff filed suit against defendant seeking in excess of $10,000.00 in compensatory damages based upon the alleged negligence of defendant. On 6 May 1993, defendant served upon plaintiff, and filed with the superior court, an Offer of Judgment which reads as follows:

Defendant, pursuant to G.S. § 1A-1, Rule 68, more than ten days before trial, offers to allow judgment to be taken

against her in this action in the lump sum amount of $7,001.00 for all damages, attorneys' fees taxable as costs, and the remaining costs accrued at the time this offer is filed. This offer is made for the purposes set out in G.S. § 1A-1, Rule 68(a), and for no other purpose.

On 7 May 1993, plaintiff's attorney notified defendant's attorney in writing that plaintiff accepted the Offer of Judgment. Plaintiff's Notice of Acceptance, filed with the superior court on 7 May 1993, read as follows:

The plaintiff hereby accepts Offer of Judgment in the sum of $7,001.00 tendered by defendant together with cost accrued at the time said offer was filed.

On 17 May 1993, plaintiff requested that the court assess court costs and interest against defendant in addition to the amount set forth in defendant's Offer of Judgment. After hearing arguments of counsel, the court found and concluded that plaintiff was entitled to recover costs in addition to the lump sum Offer of Judgment. Judgment was entered against defendant and defendant was ordered to pay plaintiff the $7,001.00 and $4,808.00 for attorney's fees taxable as costs and prejudgment interest from the date the complaint was filed.

---

The issue presented is whether the defendant can be required to pay costs and plaintiff's attorney's fees in addition to the $7,001.00 figure in the Offer of Judgment.

This Court has recently addressed this issue in *Aikens v. Ludlum*, 113 N.C. App. 823, 440 S.E.2d 319 (1994). In *Aikens*, we held that lump sum offers of judgment are permissible, but that the defendant making the offer bears the responsibility of making "sure that he has used language which conveys that he is making a lump sum offer." *Aikens*, 113 N.C. App. at 826, 440 S.E.2d at 321. *See also* 2 G. Gray Wilson, *North Carolina Civil Procedure* § 68-2 (Supp. 1993) (hereinafter *Wilson*) ("An offer for a specified sum that includes costs or costs and attorney's fees is valid, such that acceptance precludes any further recovery or award beyond the amount stated in the offer.").

In *Aikens*, the defendant's Offer of Judgment read:

## HARWARD v. SMITH

[114 N.C. App. 263 (1994)]

> Defendants, pursuant to G.S § 1A-1, Rule 68, more than ten days before trial, offers [sic] to allow judgment to be taken against them in this action in the amount of $10,001.00 for all damages and attorney's fees taxable as costs, *together with the remaining costs accrued at the time this offer is filed.*

*Aikens*, 113 N.C. App. at 824, 440 S.E.2d at 320 (emphasis in original). We held that the phrase "together with the remaining costs accrued at the time this offer is filed" created an ambiguity as to whether the offer of judgment was intended to include costs. We construed this ambiguity against the drafter of the offer of judgment and held that the offer of $10,001.00 included the plaintiff's damages and attorney's fees, but did not include the remaining costs accrued. In this case however, the Offer of Judgment created no ambiguity; it specifically offered to allow judgment to be taken against defendant "in the lump sum amount of $7,001.00 for all damages, attorney's fees taxable as costs, and the remaining costs accrued at the time this offer is filed." This language evinces an unmistakable intent that the $7,001.00 lump sum be payment not only for plaintiff's damages, but for her attorney's fees and the costs accrued at the time the Offer of Judgment was filed on 6 May 1993.

Because the acceptance contained language somewhat different from the language of the offer, there may be some question as to whether plaintiff accepted the offer as tendered or made a counteroffer. *See Wilson* § 68-2 ("Acceptance of an offer of judgment must be unconditional."). It is unnecessary, however, that we address this issue because it has not been assigned as error by the plaintiff nor has it been argued in this Court. Furthermore, it does not appear that the issue was raised before the trial court.

The superior court's order requiring defendant to pay plaintiff's attorney's fees and the costs of the action in addition to the sum of $7,001.00 is reversed. Remand is unnecessary because the record does not reveal that any attorney's fees or costs accrued after 6 May 1993, the date the offer of judgment was filed.

Reversed.

Judges JOHNSON and JOHN concur.