CRAIGHEAD v. CARROLS CORP.

[115 N.C. App. 381 (1994)]

ANN WHIPKEY CRAIGHEAD AND HUSBAND, RUSSELL CRAIGHEAD, PLAINTIFFS V.
CARROLS CORPORATION, INC., DEFENDANT

No. 9314SC655

(Filed 21 June 1994)

**Judgments § 115 (NCI4th)— offer of judgment—costs—ambiguity**

Defendant's offer of judgment was remanded for entry of an order for $45,001.00 plus remaining costs as determined by the trial court where the offer was for "$45,001.00 together with costs accrued as of the date hereof." The phrase "together with costs accrued" is ambiguous as to whether the "costs accrued" are included in the $45,001.00 figure or whether the costs are left to be separately determined by the court. Any ambiguity in the offer must be construed against the drafter.

**Am Jur 2d, Judgments §§ 1080 et seq.**

Appeal by plaintiffs from order entered 30 March 1993 by Judge Robert L. Farmer in Durham County Superior Court. Heard in the Court of Appeals 9 March 1994.

*Clayton, Myrick, McClanahan & Coulter, by Robert D. McClanahan, for plaintiffs-appellants.*

*Newsom, Graham, Hedrick, Kennon & Cheek, P.A., by Joel M. Craig, for defendant-appellee.*

WYNN, Judge.

The question in this case is whether defendant's offer of judgment included all costs such as prejudgment interest or whether the offer left the amount of costs to be determined by the trial court. This Court has previously addressed this issue in *Harward v. Smith*, 114 N.C. App. 263, 441 S.E.2d 313 (1994) and *Aikens v. Ludlum*, 113 N.C. App. 823, 440 S.E.2d 319 (1994).

This action arose out of injuries plaintiff sustained when she bit down on a piece of metal in a chicken sandwich she purchased at defendant's restaurant. Defendant's insurance carrier made a settlement offer and plaintiffs' counsel requested the offer be put in the form of an offer of judgment, as provided by N.C. Gen. Stat. § 1A-1, Rule 68, in order to provide an incentive for plaintiffs to accept the offer. Subsequently, on 4 February 1992, defendant served upon

CRAIGHEAD v. CARROLS CORP.

[115 N.C. App. 381 (1994)]

plaintiffs an offer of judgment which stated that defendant "pursuant to Rule 68 of the Rules of Civil Procedure offers to allow Plaintiffs to take judgment against this Defendant in the sum of $45,001.00 together with costs accrued as of the date hereof." Plaintiffs accepted this offer and a judgment to that effect was entered by the clerk of superior court. Plaintiffs then made a motion to tax costs against defendant and asked for the filing fee, deposition expenses, and interest at the legal rate from 1 October 1990, the date the complaint was filed, until the judgment was satisfied. The trial court granted plaintiffs' motion as to the filing fee but denied it with respect to the deposition expenses and interest. From the denial of their motion to tax interest against defendant, plaintiffs appeal.

---

In *Aikens v. Ludlum* this Court held that lump sum offers of judgment are permissible, but that the defendant making the offer bears the responsibility of making "sure that he has used language which conveys that he is making a lump sum offer." *Aikens*, 113 N.C. App. at 826, 440 S.E.2d at 321. The defendant's offer of judgment in *Aikens* provided:

Defendants, pursuant to G.S. § 1A-1, Rule 68, more than ten days before trial, offers [sic] to allow judgment to be taken against them in this action in the amount of $10,001.00 for all damages and attorneys' fees taxable as costs, <u>together with the remaining costs accrued at the time this offer is filed</u>.

*Id.* at 824, 440 S.E.2d at 320 (emphasis in original).

This Court concluded that the phrase "together with the remaining costs accrued at the time this offer is filed" created an ambiguity as to whether the offer of judgment was intended to include costs. The defendant who makes an offer of judgment has three options:

1) to specify the amount of the judgment and the amount of costs, 2) to specify the amount of the judgment and leave the amount of costs open to be determined by the court, or 3) to make a lump sum offer which expressly includes both the amount of the judgment and the amount of costs.

*Id.* at 825, 440 S.E.2d at 321. In *Aikens*, since the language of the offer was ambiguous as to costs, this ambiguity was interpreted against the drafter and this Court concluded the offer of $10,001.00 included the plaintiff's damages and attorney's fees, but did not include the remaining costs accrued such as interest. *Id.* at 826-7, 440 S.E.2d at 322.

CRAIGHEAD v. CARROLS CORP.

[115 N.C. App. 381 (1994)]

In *Harward v. Smith*, this Court held that the defendant's offer of judgment was not ambiguous and provided that the lump sum payment covered the plaintiff's damages, attorney's fees, and costs. The defendant's offer of judgment read:

> Defendant, pursuant to G.S. § 1A-1, Rule 68, more than ten days before trial, offers to allow judgment to be taken against her in this action in the lump sum amount of $7,001.00 for all damages, attorneys' fees taxable as costs, and the remaining costs accrued at the time this offer is filed. This offer is made for the purposes set out in G.S. § 1A-1, Rule 68(a), and for no other purpose.

*Harward*, 114 N.C. App. at 263-4, 441 S.E.2d at 313.

This Court in *Harward* concluded that "[t]his language evinces an unmistakable intent that the $7,001.00 lump sum be payment not only for plaintiff's damages, but for her attorney's fees and the costs accrued at the time the Offer of Judgment was filed." *Id.* at 265, 441 S.E.2d at 314. The Court held that the plaintiff was not entitled to any additional attorney's fees or costs of the action such as prejudgment interest. *Id.*

In the instant case, defendant's offer of judgment provided:

> Now COMES Defendant, CARROLS CORPORATION, by and through its attorneys, Newsom, Graham, Hedrick, Kennon & Cheek, P.A., and pursuant to Rule 68 of the Rules of Civil Procedure offers to allow Plaintiffs to take judgment against this Defendant in the sum of $45,001.00 together with costs accrued as of the date hereof.
>
> This offer is made more than ten days before the commencement of trial and shall be deemed withdrawn if not accepted within ten days after service.

We conclude that, as in *Aikens*, the phrase "together with costs accrued" is ambiguous as to whether the "costs accrued" are included in the $45,001.00 figure or whether the costs are left to be separately determined by the court. *See Aikens*, 113 N.C. App. at 826, 440 S.E.2d at 321. Any ambiguity in the offer must be construed against the drafter. *Id.* at 826-7, 440 S.E.2d at 322; *see also Hicks v. Albertson*, 284 N.C. 236, 241, 200 S.E.2d 40, 43 (1973) ("If this was not the interpretation intended by the defendant, the misunderstanding is due to ambiguous language used by the defendant in making his offer and

the defendant must bear any loss resulting therefrom."). Therefore, we affirm the judgment of the trial court, but based upon our conclusion that a lump sum offer was not intended we remand to the trial court for entry of an order for $45,001.00 plus those remaining costs accrued, such as interest, as determined by the trial court.

Affirmed and remanded.

Judges WELLS and ORR concur.