TINA JEANETTE WEBB PHILLIPS, Plaintiff-Appellant v.
CHARLES FRANKLIN WARREN, Defendant-Appellee

No. COA01-572

(Filed 3 September 2002)

**1. Costs; Interest— offer of judgment—prejudgment interest—judgment finally obtained**

The trial court improperly omitted prejudgment interest on compensatory damages from the time an automobile accident suit was filed until entry of judgment in calculating the judgment finally obtained to determine whether such judgment was larger than defendant's Rule 68 lump sum offer of judgment which was refused by plaintiff and thus whether the offer of judgment tolled the accrual of prejudgment interest as of the date of the offer. In

calculating the judgment finally obtained in a case where the plaintiff refused a lump sum offer of judgment, both pre- and post-offer prejudgment interest shall be included along with the pre- and post-offer costs, the verdict, and any awarded attorney fees. N.C.G.S. § 1A-1, Rule 68.

### 2. Costs— Rule 68—post-offer costs—inclusion in judgment

The trial court erred in the calculation of costs in the determination of whether Rule 68 applied by not including post-offer costs in the judgment finally obtained.

### 3. Costs— Rule 68—amount of final judgment

The judgment finally obtained in a Rule 68 case consists of the verdict, costs, fees, interest, and any other assessed costs such as attorney fees. In this case, the total without attorney fees comes to $8,448.47 (the verdict of $6,000, costs of $1,835.47, and interest which should have been awarded of $613).

### 4. Costs— attorney fees—offers of judgment—judgment finally obtained

Plaintiff's motion for attorney fees in an automobile accident case pursuant to N.C.G.S. § 6-21.1 must be remanded for reconsideration where the trial court failed to consider offers of judgment made by defendant and the correct amount of the judgment finally obtained in denying the motion.

Appeal by plaintiff from order entered 20 October 2000 by Judge Donald Jacobs in Johnston County Superior Court. Heard in the Court of Appeals 18 February 2002.

*Mast, Schulz, Mast, Mills & Stem, P.A., by Charles D. Mast, for plaintiff appellant.*

*Patterson, Dilthey, Clay & Bryson, L.L.P., by Jonathan E. Hall, for defendant appellee.*

McCULLOUGH, Judge.

Plaintiff Tina Jeanette Webb appeals from an order on costs and attorneys' fees entered 20 October 2000.

On 2 December 1996, plaintiff and defendant were involved in an automobile accident. Efforts by the parties to settle this matter out of court ensued. On 12 February 1999, plaintiff was offered $6,000 by defendant's insurance carrier. This offer was declined by

PHILLIPS v. WARREN

[152 N.C. App. 619 (2002)]

plaintiff. As settlement efforts had failed, plaintiff filed suit on 12 July 1999.

Along with its answer, defendant filed an offer of judgment pursuant to Rule 68(a) on 3 August 1999. This offer was for "the total sum, in the aggregate, including costs now accrued and attorney's fees, of EIGHT THOUSAND AND NO/100 DOLLARS ($8,000.00)." Plaintiff declined the offer. As of 3 August 1999, plaintiff had incurred costs of $176.00 and reasonable attorneys' fees totaling $4,181.25.

On 29 December 1999, defendant filed another offer of judgment in the amount of $11,000.00. Plaintiff also declined this offer. From 3 August 1999 up to 29 December 1999, plaintiff had incurred costs of $668.16 and reasonable attorneys' fees of $4,649.84. During the same period, defendant had incurred costs of $744.90.

The case went to trial on 28 August 2000. The only issue for the jury were those of proximate cause and damages. The jury returned a verdict in favor of plaintiff in the amount of $6,000.00 entered on 31 August 2000. According to plaintiff, she had incurred costs of $991.31 and attorneys' fees of $10,351.25 since the second offer of judgment. Defendant had incurred costs of $835.45 since the second offer of judgment.

The parties brought respective motions as to the costs of the action. Defendant brought a motion for costs pursuant to Rule 68 on 31 August 2000. Plaintiff brought a motion for costs and attorney fees pursuant to N.C. Gen. Stat. § 6-21.1 (2001) on 12 October 2000.

On 20 October 2000, the Honorable Donald Jacobs entered an order on the parties' motions for costs and attorney fees. This order denied plaintiff's motion for attorney fees under N.C. Gen. Stat. § 6-21.1, allowed in part and denied in part plaintiff's motion for costs, and allowed defendant's motion for costs. Plaintiff appeals from this order.

Plaintiff presents the following questions on appeal: Whether the trial court (1) erred by failing to properly award plaintiff prejudgment interest when it failed to award plaintiff interest for the entire period the action was pending as required by the statute; (2) erred in ordering plaintiff to pay defendant's costs when the sum of the verdict and applicable adjustments exceeded the first offer of judgment; (3) abused its discretion in denying plaintiff's request for reasonable attorneys' fees when its decision was partly based on an error of law and it failed to properly apportion costs between the parties under

Rule 68(a); and (4) erred in ordering plaintiff to pay defendant's costs incurred after the second offer of judgment.

Plaintiff contends that the trial court erred in its calculation of the "judgment finally obtained" in this case. Specifically, it is contended that the trial court erred by not attributing the full amount of plaintiff's costs and prejudgment interest to the judgment finally obtained for purposes of Rule 68 motions for costs.

## THE ORDER

The 20 October 2000 order by Judge Jacobs on costs and attorneys' fees found that the "predominant issue giving rise to this litigation and carrying the case through trial appears to have been whether the Plaintiff's medical care and expenses which she attributes to the accident were in fact reasonable and necessary in light of her injuries . . . ." Thus, the entire verdict consisted of compensatory damages, which pursuant to N.C. Gen. Stat. § 24-5(b) (2001) is to bear interest from the date of the action until satisfied. Accordingly, the full verdict amount was used in the trial court's determination of prejudgment interest from 12 July 1999, the date the action had been commenced.

As to the issue of attorneys' fees under N.C. Gen. Stat. § 6-21.1, the trial court made several findings of fact as to the factors set forth in *Washington v. Horton*, 132 N.C. App. 347, 513 S.E.2d 331 (1999):

(a) That the pre-suit settlement offers made by the insurance carrier for the Defendant, which included an offer of $6,000 in February, 1999, were reasonable, especially in light of the fact that the ultimate jury verdict was in the exact amount of $6,000;

(b) There does not appear to have been any exercise of superior bargaining power on behalf of the Defendant or his insurance carrier;

(c) There does not appear to have been any unwarranted refusal to settle on the part of Defendant's insurance carrier, again as evidenced by the pre-suit settlement offers made; and

(d) The settlement offers made by Defendant's insurance carrier came fully five months prior to the institution of suit and nearly a year prior to the expiration of the applicable statute

of limitations, and therefore Plaintiff had sufficient time to consider said offers before deciding whether to file suit.

As to reasonable attorney fee amounts, the trial court made the following finding of fact:

10. The Court finds that the Plaintiff did incur reasonable attorneys' fees prior to the first Offer of Judgment of August 3, 1999 in the amount of $4,181.25 and that the Plaintiff incurred reasonable attorneys' fees between the first and second Offers of Judgment in the amount of $4,649.84. The record before the Court fails to demonstrate what amount of attorneys' fees, if any, Plaintiff had incurred at the time the pre-sut [sic] settlement offer of $6,000 was made in February, 1999.

However, after reviewing the *Washington* factors, argument of counsel, and the entire record, the trial court, exercising its discretion, denied plaintiff's motion for attorney fees pursuant to N.C. Gen. Stat. § 6-21.1.

As to the issue of costs, the trial court made the following findings of fact:

13. As to Plaintiff's Motion for Costs . . . the Court is of the opinion that Plaintiff is entitled to recover Court costs up to and including the date of Defendant's first Offer of Judgment, which came on August 3, 1999. According to Plaintiff's Affidavit, Plaintiff incurred recoverable costs to that date of $176. Plaintiff would also be entitled to pre-judgment interest from the date of filing until the Offer of Judgment of August 3, 1999. The Plaintiff is therefore entitled to 22 days' interest on the jury verdict of $6,000, which is $29. Total costs recoverable by the Plaintiff, including court costs and interest, are $205. Plaintiff's remaining costs, which were incurred subsequent to the August 3, 1999 Offer of Judgment, are DENIED. Therefore, in its discretion, the Court hereby ALLOWS Plaintiff's Motion for Costs in part, DENIES Plaintiff's Motion for Costs in part, and enters an ORDER allowing Plaintiff to recover $205 in costs from the Defendant.

14. As the [sic] Defendant's Motion for Costs pursuant to Rule 68 of the North Carolina Rules of Civil Procedure, having made the above findings, the Court concludes that as of August 3, 1999, the Plaintiff had a case worth $6,000, as evidenced by the ultimate jury verdict, and had recoverable costs in the amount of

$205. The Plaintiff, in the Court's discretion, was not entitled to an award of attorneys' fees to that point. Therefore, the total judgment ultimately obtained by the Plaintiff for the purposes of considering Defendant's Rule 68 Offer of Judgment was the jury verdict plus recoverable costs, for a grand total of $6,205. Said Judgment ultimately obtained is less than the $8,000 Offer of Judgment filed by the Defendant on August 3, 1999, and therefore pursuant to Rule 68 the Defendant is entitled to recover its costs incurred subsequent to the Offer of Judgment of August 3, 1999.

15. As evidenced by the Affidavit of Jonathan E. Hall, which is before the Court for its consideration, Defendant incurred a total of $1,580.35 in costs following the Offer of Judgment of August 3, 1999. The Court hereby finds, in its discretion, that all costs incurred by the Defendant were reasonable and recoverable costs incurred during the course of defending against Plaintiff's claims. The Court therefore, in its discretion, hereby ALLOWS Defendant's Motion for Costs pursuant to Rule 68 of the North Carolina Rules of Civil Procedure, in the amount of $1,580.35.

Thus, plaintiff's recovery was $4,624.65 ($6,205.00 less defendant's costs of $1,580.35).

## INTEREST

**[1]** Plaintiff argues that the trial court erred in assessing prejudgment interest under N.C. Gen. Stat. § 24-5(b) by failing to grant interest for the entire period between the commencement of the suit and the entry of final judgment.

N.C. Gen. Stat. § 24-5(b) states:

In an action other than contract, any portion of a money judgment designated by the fact finder as compensatory damages bears interest from the date the action is commenced until the judgment is satisfied.

*Id.* As we said above, we note the entire verdict in this case consisted of compensatory damages.

In *Brown v. Flowe*, our Supreme Court said of § 24-5(b) that "[w]e have held that the probable intent of the prejudgment interest statute, section 24-5, is threefold: (1) to compensate plaintiffs for loss of the use of their money, (2) to prevent unjust enrichment of the defendant by having money he should not have, and (3) to promote settlement." *Brown v. Flowe*, 349 N.C. 520, 524, 507 S.E.2d 894, 896 (1998).

PHILLIPS v. WARREN

[152 N.C. App. 619 (2002)]

Plaintiff contends that it is entitled to prejudgment interest of $613.00 running from 12 July 1999 to 20 October 2000, the date of the trial court's final order. Defendant contends, and the trial court apparently ruled, that their Offer of Judgment, submitted on 3 August 1999, tolled the accrual of prejudgment interest. In support of this argument, defendant cites a line of cases which hold that the accrual of interest is tolled when defendant makes "a 'valid tender of payment for the full amount [of plaintiff's claim], plus interest to date[.]' " *Members Interior Construction v. Leader Construction Co.*, 124 N.C. App. 121, 125, 476 S.E.2d 399, 403 (1996), *disc. review denied*, 345 N.C. 754, 485 S.E.2d 56 (1997) (quoting *Thompson-Arthur Paving Co. v. Lincoln Battleground Assoc.*, 95 N.C. App. 270, 282, 382 S.E.2d 817, 824 (1989)). *See also Webb v. McKeel*, 144 N.C. App. 381, 384, 551 S.E.2d 440, *disc. review denied*, 354 N.C. 371, 557 S.E.2d 537 (2001); *Ingold v. Phoenix Assurance Co.*, 230 N.C. 142, 52 S.E.2d 366 (1949); *Duke v. Pugh*, 218 N.C. 580, 581, 11 S.E.2d 868, 869 (1940). Defendant claims that he made a valid tender of payment for the full amount of the plaintiff's claim, including any accumulated interest, when he filed the 3 August 1999 offer of judgment. Essentially, defendant asks this Court to hold that as a general rule, Rule 68 offers of judgment toll the accrual of prejudgment interest.

A defendant who makes an offer of judgment has three options:

1) to specify the amount of the judgment and the amount of costs, 2) to specify the amount of the judgment and leave the amount of costs open to be determined by the court, or 3) to make a lump sum offer which expressly includes both the amount of the judgment and the amount of costs.

*Aikens v. Ludlum*, 113 N.C. App. 823, 825, 440 S.E.2d 319, 321 (1994). The *Aikens* Court held that such lump sum offers of judgment as in the third option were permissible under North Carolina's Rule 68, "but it is incumbent on the defendant to make sure that he has used language which conveys that he is making a lump sum offer." *Id.* at 826, 440 S.E.2d at 321.

Defendant's offers of judgment provided:

NOW COMES Defendant, through counsel, pursuant to Rule 68(a) of the North Carolina Rules of Civil procedure, and hereby offers to allow judgment be entered against him in this matter in the total sum, in the aggregate, including costs now accrued and attorney's fees, of EIGHT THOUSAND AND NO/100 DOLLARS

($8,000.00). This Offer is made for the purposes set out in Rule 68 of the North Carolina Rules of Civil Procedure and for no other purpose.

TAKE NOTICE that if this Offer is not accepted within ten (10) days after its filing and service, it shall be deemed withdrawn.

This Court has been presented with an offer of judgment similar to the one made by defendant in the present case. As this Court in *Craighead v. Carrols Corp.*, 115 N.C. App. 381, 444 S.E.2d 651 (1994) stated:

> In *Harward v. Smith*, this Court held that the defendant's offer of judgment was not ambiguous and provided that the lump sum payment covered the plaintiff's damages, attorney's fees, and costs. The defendant's offer of judgment read:
>
>> Defendant, pursuant to G.S. § 1A-1, Rule 68, more than ten days before trial, offers to allow judgment to be taken against her in this action in the lump sum amount of $7,001.00 for all damages, attorneys' fees taxable as costs, and the remaining costs accrued at the time this offer is filed. This offer is made for the purposes set out in G.S. § 1A-1, Rule 68(a), and for no other purpose.
>
> *Harward*, 114 N.C. App. at 263-4, 441 S.E.2d at 313.
>
> This Court in *Harward* concluded that "[t]his language evinces an unmistakable intent that the $7,001.00 lump sum be payment not only for plaintiff's damages, but for her attorney's fees and the costs accrued at the time the Offer of Judgment was filed." *Id.* at 265, 441 S.E.2d at 314. The Court held that the plaintiff was not entitled to any additional attorney's fees or costs of the action such as prejudgment interest. *Id.*

*Craighead*, 115 N.C. App. at 383, 444 S.E.2d at 652. We find the present offer of judgment to be of the sort discussed in *Harward*. Thus, defendant's offers of judgment were valid lump sum offers under Rule 68.

In *Aikens, Harward* and *Craighead*, the plaintiffs had accepted the offer. We now address what effect on prejudgment interest declining a lump sum offer would have.

PHILLIPS v. WARREN

[152 N.C. App. 619 (2002)]

Defendant contends that its offer of judgment was a valid tender of payment for the full amount plus interest. This being a lump sum offer, it did evince "an unmistakable intent that the . . . lump sum be payment not only for plaintiff's damages, but for her attorney's fees and the costs accrued at the time . . . ," which according to *Harward*, included prejudgment interest. *Id.* However, in all the cases that defendant relies on, there was a sum certain involved. Most of these cases were contract cases and interest was based on N.C. Gen. Stat. § 24-5(a), or they dealt with actions other than contract based on N.C. Gen. Stat. § 24-5(b), but only after a judgment had been entered and post-judgment interest was involved. It was clearly known whether the amount tendered was for the full amount. (N.C. Gen. Stat. § 1-239 (2001) allows for partial payments—*see Webb*, 144 N.C. App. 381, 551 S.E.2d 440). In the present case, there was no sum certain when the offer was made. The offer of judgment was the full amount defendant was willing to give, but not necessarily what a jury may have believed plaintiff was entitled. This is the nature of actions that are "other than contract," which are controlled by N.C. Gen. Stat. § 24-5(b).

We believe that prejudgment interest in actions other than contract can be tolled by a lump sum Rule 68 offer of judgment. However, whether the interest was tolled will not be known until a sum certain is available. For purposes of tolling prejudgment interest in actions other than contract, the sum certain to be used for comparison will be the judgment finally obtained, calculated for Rule 68 purposes.

In calculating the judgment finally obtained, prejudgment interest is generally included. *See Brown*, 349 N.C. at 522, 507 S.E.2d at 896. Thus, in calculating the judgment finally obtained in a case where the plaintiff refused a lump sum offer of judgment, the full amount of prejudgment interest, both pre- and post-offer, shall be included along with the pre- and post-offer costs, the verdict, and any awarded attorneys' fees. *See Roberts v. Swain*, 353 N.C. 246, 250-51, 538 S.E.2d 566, 568-69 (2000). Only if the lump sum Rule 68 motion prevails, the offer being greater than the judgment finally obtained, will the offer of judgment be effective so as to toll further accrual of interest. Thus, plaintiff would only be awarded the verdict, any attorneys' fees, pre-offer costs *and* pre-offer interest, rather than the entire amount of interest. As long as a Rule 68 offer of judgment actually offers an amount, which clearly includes interest to date that is greater than the judgment finally obtained by plaintiff, it will toll the accrual of prejudgment interest as of the date of the offer.

Thus, the $613.00 should have been included in the trial court's initial calculation of the judgment finally obtained, and it was error for it to not do so. This assignment of error is sustained.

## COSTS

**[2]** Plaintiff contends that the trial court erred in the calculation of costs in its determination of whether Rule 68 applied in its order. Specifically, plaintiff argues that in Finding of Fact 14 the trial court erred by not including plaintiff's post-offer costs in the judgment finally obtained. We agree.

"[T]he North Carolina Supreme Court stated that 'costs incurred after the offer of judgment but prior to the entry of judgment should be included in calculating the "judgment finally obtained[.]" ' " *Robinson v. Shue*, 145 N.C. App. 60, 67, 550 S.E.2d 830, 834-35 (2001) (quoting *Roberts*, 353 N.C. at 250-51, 538 S.E.2d at 569). It was error for the trial court not to include the full amount of plaintiff's costs in the judgment finally obtained. Plaintiff submits that this figure is $1,835.47, as evidenced by the affidavit of George B. Mast and plaintiff's bill of costs, both in the record.

## JUDGMENT FINALLY OBTAINED

**[3]** In light of the determination that the trial court erred in its analysis of Rule 68, we now turn to the issue of whether defendant's offer of judgment was indeed greater than the judgment finally obtained.

Judgment finally obtained consists of the verdict, costs, fees, interest and any other cost assessed to defendant for plaintiff's benefit, such as attorneys' fees. *See Tew v. West*, 143 N.C. App. 534, 538, 546 S.E.2d 183, 186 (2001). The verdict in the present case was $6,000.00. Total costs for plaintiff presumably amount to $1,835.47. The trial court awarded $29.00 of prejudgment interest to plaintiff instead of the full amount of $613.00. The total at this point comes to $8,448.47 ($6,000.00 + $613.00 + $1,835.47).

## ATTORNEYS' FEES

**[4]** The trial court denied plaintiff's motion for attorneys' fees, which would have been added to the judgment finally obtained had they been awarded. Plaintiff contends that since the trial court's decision to deny its motion for attorneys' fees under N.C. Gen. Stat. § 6-21.1 was based in part on its miscalculation of prejudgment interest and costs that it should be overturned.

**PHILLIPS v. WARREN**

[152 N.C. App. 619 (2002)]

Generally, attorneys' fees are not recoverable as costs of an action absent statutory authority. *See Hicks v. Albertson*, 284 N.C. 236, 200 S.E.2d 40 (1973). N.C. Gen. Stat. § 6-21.1 authorizes a trial court in its discretion to "allow a reasonable attorney fee" to a successful litigant in a personal injury or property damage suit "where the judgment for recovery of damages is . . . ($10,000) or less . . . to be taxed as a part of the court costs." N.C. Gen. Stat. § 6-21.1. The purpose of this statute is " 'to provide relief for a person who has sustained injury or property damage in an amount so small that, if he must pay his attorney out of his recovery, he may well conclude that it is not economically feasible to bring suit on his claim.' " *Robinson*, 145 N.C. App. at 64, 550 S.E.2d at 833 (quoting *Hicks*, 284 N.C. at 239, 200 S.E.2d at 42). "The discretion accorded the trial court in awarding attorney fees pursuant to N.C. Gen. Stat. § 6-21.1 is not unbridled." *Washington*, 132 N.C. App. at 351, 513 S.E.2d at 334 (holding that the court must examine the entire record, including but not limited to: (1) settlement offers made prior to institution of the action; (2) offers of judgment made pursuant to Rule 68 and whether the judgment finally obtained was more favorable than such offers; (3) whether defendant unjustly exercised superior bargaining power; (4) in the case of an unwarranted refusal by an insurance company, the context in which the dispute arose; (5) the timing of settlement offers; and (6) the amounts of settlement offers as compared to the jury verdict. *Id.* at 351, 513 S.E.2d at 334-35).

Plaintiff acknowledges that in order for the trial court's order on attorneys' fees to be overturned an abuse of discretion, arbitrariness, or an error of law must be shown. *Coastal Production v. Goodson Farms*, 70 N.C. App. 221, 226, 319 S.E.2d 650, 655, *disc. review denied*, 312 N.C. 621, 323 S.E.2d 922 (1984). Plaintiff maintains the trial court's error in calculating the judgment finally obtained is sufficient error to require reversal.

The trial court indeed erred in calculating the judgment finally obtained for the reasons set forth above. In addition, according to the findings of fact, the trial court only considered the pre-suit settlement offer made by the insurance carrier. All the findings that the trial court made as to attorneys' fees completely ignore the offers of judgment made and did not take into account the correct amount of the judgment finally obtained.

We then remand this issue to the trial court for a re-determination of the appropriateness of attorneys' fees in light of this opinion. Should attorneys' fees be awarded on remand, the new judgment

finally obtained should be adjusted to reflect that determination. Only then can the trial court make the final and correct determination as to whether defendant's offers of judgment prevail or fail.

Reversed and remanded.

Chief Judge EAGLES and BIGGS concur.