STEELMAN, Judge.
On 11 June 2001 plaintiff filed a condemnation action to acquire property owned by defendants. The summons erroneously indicated that defendants had 30 days to file a responsive pleading instead of 120 days as required by N.C. Gen. Stat. § 40A-46. On 9 July 2001 defendants filed a motion to dismiss for lack of personal and subject matter jurisdiction. On 29 July 2001 plaintiff served a second summons, again erroneously stating defendants had 30 days to file a responsive pleading. Defendants filed a second motion to dismiss on the same grounds on 7 August 2001. Defendant's motions to dismiss were heard by Judge F. Donald Bridges on 14 January 2002. At this hearing, plaintiff, with defendants' consent, moved to amend the summons to correct the number of days allowed for filing of a responsive pleading. The court allowed the motion to amend and denied defendants' motion to dismiss. Finding that the defect in the original process was cured as a result of the amendment, Judge Bridges ordered that plaintiff be taxed with attorney's fees in the amount of $1000.00 under the provisions of N.C. Gen. Stat. § 40A-8(b).
The condemnation action was tried before a jury on 11 August 2003. The jury determined that the amount of just compensation for the taking was $263,000, an amount in excess of the amount tendered by plaintiff, $155,000. The court entered judgment in defendants' favor for the amount of the difference between the verdict and the tendered amount. On 9 January 2004 Judge Caldwell entered an order taxing as costs against plaintiff attorney's fees in the amount of $1,000 as previously ordered by Judge Bridges. Plaintiff appeals.
"[I]t is well established that the non-allowance of counsel fees has prevailed as the policy of this state at least since 1879." Enterprises, Inc. v. Equipment Co., 300 N.C. 286, 289, 266 S.E.2d 812, 814 (1980). Consistent with this policy, our Supreme Court has affirmed that a court may not allow attorney fees as part of the costs recoverable by the successful party to an action or proceeding unless the award is expressly permitted by statute. Hicks v. Albertson, 284 N.C. 236, 238, 200 S.E.2d 40, 42 (1973). In a condemnation action attorney's fees may be recovered as costsby the landowner pursuant to N.C. Gen. Stat. § 40A-8(b), which provides:
If a condemnor institutes a proceeding to acquire by condemnation any property and (i) if the final judgment in a resulting action is that the condemnor is not authorized to condemn the property, or (ii) if the condemnor abandons the action, the court with jurisdiction over the action shall after making appropriate findings of fact award each owner of the property sought to be condemned a sum that, in the opinion of the court based upon its findings of fact, will reimburse the owner for: his reasonable costs; disbursements; expenses (including reasonable attorney, appraisal, and engineering fees); and, any loss suffered by the owner because he was unable to transfer title to the property from the date of the filing of the complaint under G.S. 40A-41.
N.C. Gen. Stat. § 40A-8(b) (2003). "Where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must construe the statute using its plain meaning." Burgess v. Your House of Raleigh, 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990). The above statute clearly and unambiguously permits an award of attorney's fees only in two situations: (1) when a final judgment is entered ruling the condemnor is not authorized to condemn the property; or (2) when the condemnor abandons the action. In the case at bar, no final judgment ruling that plaintiff was not entitled to condemn the property has been entered. Plaintiff did not abandon the action. The award of attorney's fees is, therefore, unauthorized and must be reversed.
REVERSED.
Judges HUNTER and ELMORE concur.
Report per Rule 30(e).