REESE ANN JONES, Plaintiff v. MICHAEL WAINWRIGHT and BRUCE VEDDER WAINWRIGHT, Defendants

No. COA01-747

(Filed 16 April 2002)

## 1. Arbitration and Mediation— appeal fee—deposited to General Fund

The trial court erred by taxing a $75 arbitration appeal fee award as costs to defendants where the arbitrator's award was $1,879 and the jury award $256. N.C.G.S. § 6-20 permits the trial court to award costs in its discretion unless otherwise provided by law; Rule 5(b) of the arbitration rules is explicit in its requirement that the $75 fee be deposited into the State's General Fund if the trial did not improve plaintiff's position.

## 2. Arbitration and Mediation— attorney fees—factors to be considered

The trial court did not abuse its discretion in its award of $3,045.00 in attorney fees to plaintiff after a trial which followed arbitration where the court made findings that reflected its consideration of the factors in *Washington v. Horton*, 132 N.C. App. 347, in determining whether to award attorney fees and made appropriate findings regarding the amount of the fees.

Appeal by defendants from an order entered 22 March 2001 by Judge Alice C. Stubbs in Wake County District Court. Heard in the Court of Appeals 13 March 2002.

*E. Gregory Stott for plaintiff-appellee.*

*Broughton, Wilkins, Sugg, Hall & Thompson, P.L.L.C., by Jonathan E. Hall, for defendant-appellants.*

HUNTER, Judge.

Michael Wainwright and Bruce Vedder Wainwright ("defendants") appeal an order awarding Reese Ann Jones ("plaintiff") attorney's fees and costs following entry of a jury verdict in favor of plaintiff. We affirm in part and reverse and remand in part.

This case stems from a June 1997 automobile collision wherein defendant Michael Wainwright rear-ended plaintiff's vehicle and then fled the scene. Plaintiff filed a complaint on 14 October 1997 seeking damages for Michael Wainwright's negligence, as well as attorney's fees. The matter was submitted to court-ordered arbitration, and in June 1998, the arbitrator ruled in favor of plaintiff in the amount of $1,879.00. Defendants then filed an Offer of Judgment on 21 July 1998 for the amount determined by the arbitrator. Plaintiff declined the offer and requested a trial *de novo* in district court.

Following a trial on the matter, a jury returned a verdict in favor of plaintiff in the amount of $256.00. The trial court entered judgment thereon on 30 July 1999. By a separate order dated 26 July 1999, the trial court taxed costs of $55.00 against defendants, and ordered them to pay plaintiff $3,045.00 in attorney's fees. Defendants appealed the order of costs and attorney's fees to this Court. In an unpublished opinion, this Court vacated the order, concluding the order failed to reflect that the trial court had considered all of the factors required under this Court's decision in *Washington v. Horton,* 132 N.C. App. 347, 513 S.E.2d 331 (1999), and that the order reflected that attorney's fees were awarded as a matter of law, not in the court's discretion as required. *See Jones v. Wainwright,* 139 N.C. App. 450, 537 S.E.2d 272 (2000) (unpublished opinion). We remanded the matter to the trial court with instructions for further review and findings consistent with *Washington.*

Upon remand, the trial court entered an order on 22 March 2001 containing additional findings and again concluding that plaintiff was entitled to attorney's fees in the amount of $3,045.00. The trial court taxed the same $55.00 costs to defendants, but also added as costs a $75.00 arbitration appeal fee. From this order, defendants appeal.

Defendants make two arguments on appeal: (1) the trial court erred in taxing as costs the $75.00 arbitration appeal fee; and (2) the trial court abused its discretion in awarding plaintiff $3,045.00 in attorney's fees. We agree with defendants as to their first argument, and accordingly reverse the trial court's decision to tax the $75.00 appeal fee to defendants. However, we affirm the trial court's order in all other respects, including the taxing of costs of $55.00 to defendants, and awarding of attorney's fees to plaintiff in the amount of $3,045.00.

[1] Regarding the $75.00 arbitration appeal fee, Rule 5(b) of the Rules for Court-Ordered Arbitration provides:

> **(b) Filing Fee.** A party filing a demand for trial de novo shall pay a filing fee equivalent to the arbitrator's compensation, which shall be held by the court until the case is terminated and returned to the demanding party only if there has been a trial in which, in the trial judge's opinion, the position of the demanding party has been improved over the arbitrator's award. Otherwise, the filing fee shall be deposited into the State's General Fund.

R. Ct.-Ordered Arbitration in N.C. 5(b), 2002 N.C. R. Ct. 234.

Thus, the rules of arbitration provide specifically for the disposition of the $75.00 appeal fee upon conclusion of the trial. We acknowledge that N.C. Gen. Stat. § 6-20 (1999) permits the trial court to award costs in its discretion; however, it may do so "unless otherwise provided by law." N.C. Gen. Stat. § 6-20. We believe Rule 5(b) of the arbitration rules is explicit in its requirements for disposition of the $75.00 fee and thus falls within the "unless otherwise provided by law" limitation on the court's discretion to award costs. The trial court was required to dispose of the $75.00 fee in the manner set forth in Rule 5(b), which requires a determination of whether the trial improved plaintiff's position over the arbitrator's award of $1,879.00, and if not, the $75.00 must be deposited into the State's General Fund. It is clear from the record that plaintiff's position was not improved by trial. The jury only awarded plaintiff $256.00, whereas the arbitrator's award was $1,879.00. The $75.00 must be deposited into the State's General Fund. We therefore reverse the trial court's order only to the extent it taxed the $75.00 as costs to defendants.

[2] Defendants next argue that the trial court erred in awarding plaintiff attorney's fees. They contend the trial court failed to properly consider the *Washington* factors as required by our prior opinion, and

that the trial court abused its discretion in awarding $3,045.00 in fees. We disagree.

"The allowance of attorney fees is in the discretion of the presiding judge, and may be reversed only for abuse of discretion." *Washington*, 132 N.C. App. at 351, 513 S.E.2d at 334. In *Washington*, this Court set forth six factors that the trial court must consider in determining whether to award attorney's fees: (1) settlement offers made prior to the institution of the action; (2) offers of judgment, and whether the judgment finally obtained was more favorable than those offers; (3) whether the defendant unjustly exercised superior bargaining power; (4) the context in which the dispute arose in cases of an unwarranted refusal by an insurance company; (5) the timing of settlement offers; and (6) the amounts of the settlement offers as compared to the jury verdict. *Id.* at 351, 513 S.E.2d at 334-35.

The record in this case reflects that the trial court complied with our prior mandate by making findings that reflect its consideration of all applicable *Washington* factors, and by stating that the award of fees was made in its discretion. The trial court's findings with respect to these factors are supported by the evidence.

Moreover, with respect to the amount of fees, the trial court made appropriate findings on the specific tasks performed by plaintiff's attorney; the amount of time actually devoted to such tasks, as well as the amount of time reasonably devoted to such tasks; and whether the rate charged for such tasks was customary for the profession. The trial court awarded fees only for the amount of time it determined was reasonably spent in prosecuting the claim, which was less than what plaintiff's attorney had billed, and at the rate it determined to be customary for the profession. Defendants have failed to show that the trial court abused its discretion in awarding attorney's fees.

The order on appeal is affirmed in all respects, with the exception of that portion taxing the $75.00 arbitration appeal fee to defendants. The $75.00 must be deposited into the State's General Fund in accordance with Rule 5(b) of the Rules for Court-Ordered Arbitration.

Affirmed in part; reversed and remanded in part.

Judges WALKER and BRYANT concur.