MARTIN ARCHITECTURAL PRODUCTS, INC., PLAINTIFF-APPELLEE v. MERIDIAN CONSTRUCTION COMPANY; INCOTECH, INC.; JOHN T. MORE, III, INDIVIDUALLY; AND DUKE UNIVERSITY FEDERAL CREDIT UNION, DEFENDANTS-APPELLANTS

No. COA02-326

(Filed 31 December 2002)

**1. Liens— materialman—claim of lien—subrogation—cancellation**

The trial court erred by granting summary judgment for plaintiff on its claim seeking judgment on a lien against the pertinent property by way of subrogation of other liens against the property and the case is remanded with instructions to grant summary judgment in favor of defendant federal credit union, because

plaintiff cancelled its claim of lien against the real property and therefore there is no genuine issue of material fact.

## 2. Liens— materialman—notice of claim of lien on funds— setoff for attorney fees not allowed

The trial court did not err by granting summary judgment to plaintiff materialman on its claim for lien on funds in the amount of $14,895.04 because even assuming there was a breach of contract, defendant could not set off its attorney fees from the amount owed on the contract in order to defeat plaintiff's lien.

Appeal by defendant Duke University Federal Credit Union from judgment entered 31 October 2001 by Judge Narley Cashwell in Durham County Superior Court. Heard in the Court of Appeals 30 October 2002.

*Burns, Day & Presnell, P.A., by Daniel C. Higgins, for plaintiff-appellee.*

*Smith Debnam Narron Wyche Story & Myers, L.L.P., by Byron L. Saintsing and Caren D. Enloe, for defendant-appellant Duke Federal Credit Union.*

McGEE, Judge.

Meridian Construction Company (Meridian) entered into a contract with Duke University Federal Credit Union (DUFCU) on 18 November 1998 for general contracting services concerning building renovations and improvements to property (construction project) leased by DUFCU, located at 1400 Morreene Road, Durham, North Carolina (the property). Martin Architectural Products, Inc. (plaintiff) entered into a subcontract with Meridian to provide doors, door frames, hinges, locks, finish hardware, toilet accessories and related hardware materials necessary for the construction project.

Meridian assigned its contract with DUFCU for the construction project to Incotech, Inc. (Incotech) on 9 March 1999 and thereafter Incotech served as the substitute general contractor. Plaintiff first provided materials to the construction project on 16 March 1999. DUFCU served Incotech with a notice of termination of contract on 8 September 1999. The notice stated that if Incotech did not cure the listed defaults by 15 September 1999, Incotech would be in default and DUFCU would deduct from the balance owed to Incotech all costs to complete the construction project and any damages associ-

ated with Incotech's breach, including attorney's fees. The project architect for the construction project certified DUFCU's cause to terminate the contract with Incotech on 24 September 1999 as required by paragraph 14.2.2 of the contract's general terms and conditions. DUFCU's president, G. Lee Fogle, stated in an affidavit that a contract balance of $54,752.47 remained due as of 7 July 1999. DUFCU made no further payments on the contract.

Incotech filed suit against DUFCU seeking the remainder of the amount due under the contract. In arbitration, it was determined that Incotech was not entitled to additional payment under the contract because its contractor's license was limited to $250,000.00, and Incotech had already been paid for work in excess of that limit. The arbitrator made no determination as to whether Incotech was actually in breach of the contract.

DUFCU entered into a separate contract with O.C. Mitchell, Jr., Inc. (Mitchell) for completion of the improvements to the property. Plaintiff claimed that it provided materials to Mitchell which were used to complete the construction project, and that the total amount due for labor and materials it provided to the construction project was $14,895.04. DUFCU admitted that plaintiff furnished some materials to Incotech for the construction project.

Plaintiff filed a claim of lien and a notice of claim of lien on funds as to the property on 10 January 2000 and served copies on DUFCU. The amount of lien claimed was $14,895.04. Plaintiff filed a complaint against defendants on 12 May 2000 seeking recovery of $14,895.04 plus interest from defendants for labor and supplies furnished to the construction project. Plaintiff alleged that DUFCU was holding sums owed to it under the contract with Meridian and/or Incotech for services it provided in connection with the construction project. Plaintiff further alleged that it is entitled to be paid, to the extent of its claims, any sums owed under the construction project contract to Meridian or Incotech.[1]

Plaintiff also alleged that Meridian and Incotech have perfected lien rights against the property pursuant to N.C. Gen. Stat. §§ 44A-17 et. seq. Plaintiff claimed that it should be entitled to enforce those

---

1. The ruling of the arbitrator has no bearing on the ability of plaintiff to collect on any amounts owed to Incotech since the arbitrator's ruling was limited to a determination that Incotech was not licensed to collect beyond its $250,000 limit. See Vogel v. Supply Co., 277 N.C. 119, 177 S.E.2d 273 (1970); Zickgraf Enterprises, Inc. v. Yonce, 63 N.C. App. 166, 167-68, 303 S.E.2d 852, 853 (1983).

liens against the property and that it is entitled to a judgment directing sale of the property to satisfy debts to plaintiff to the extent of its claims.

DUFCU filed a motion to dismiss, motion to consolidate, and an answer on 19 July 2000. DUFCU sought to dismiss plaintiff's complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(2) for lack of personal jurisdiction, under N.C. Gen. Stat. § 1A-1, Rules 12(b)(4) and (5) for insufficient process and insufficient service of process, under N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(7) for failure to join necessary parties. In the alternative, DUFCU requested the trial court consolidate the present case with *Michael S. Williams, dba E & W Electrical Contracting of Durham v. Incotech, et al.*, Durham County No. 00 CVS 00148.

Plaintiff filed a notice of cancellation of lien on 26 October 2000 against the property in Durham County, cancelling its lien against the property it originally filed on 10 January 2000. Plaintiff's claim of lien on funds was still pending.

In an order dated 14 November 2000, the trial court denied DUFCU's motion to dismiss pursuant to N.C.G.S. § 1A-1, Rules 12(b)(2), 12(b)(4), and 12(b)(5). DUFCU filed a second answer on 18 December 2000 and a motion for summary judgment on 24 August 2001. Plaintiff filed its motion for summary judgment on 27 September 2001, seeking judgment on all claims, relying on various discovery materials.

Following a hearing on plaintiff's and defendants' motions for summary judgment on 10 October 2001, the trial court granted summary judgment for plaintiff as to its claims against all defendants and denied defendants' motions for summary judgment. The trial court ordered that plaintiff "have and recover of the Defendants, jointly and severally, the sum of $14,895.04, plus interest on that sum at the rate of 12% per annum from August 31, 1999, as well as the costs of this action." DUFCU appeals.

I.

**[1]** DUFCU first argues the trial court erred in granting summary judgment for plaintiff as to its sixth claim for relief seeking judgment on a lien against the property by way of subrogation of Meridian and/or Incotech's liens against the property. DUFCU argues that

plaintiff cancelled its claim of lien against the real property, and therefore the trial court erred in granting summary judgment for plaintiff as to its sixth claim for relief. We agree.

"Summary judgment is appropriate only 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'" *DeWitt v. Eveready Battery Co.*, 355 N.C. 672, 681, 565 S.E.2d 140, 146 (2002) (quoting N.C. Gen. Stat. § 1A-1, Rule 56(c) (2001)). The record shows plaintiff did cancel its claim of lien against the property, even though it never dismissed its sixth claim for relief; therefore, there is no genuine issue of material fact and DUFCU is entitled to judgment as a matter of law on this claim. We therefore reverse in part the trial court's grant of summary judgment for plaintiff and remand to the trial court with instructions to enter an order granting summary judgment for DUFCU as to plaintiff's sixth claim for relief.

II.

[2] In its remaining assignments of error DUFCU argues that the trial court erred in denying its motion for summary judgment because there is no genuine issue of material fact and DUFCU is entitled to judgment as a matter of law; in the alternative, DUFCU argues the trial court erred in granting summary judgment to plaintiff because at a minimum there is a genuine issue of material fact as to whether there are any remaining funds to which plaintiff's lien on funds can attach.

It is undisputed that on 10 January 2000, plaintiff filed both a claim of lien and a notice of claim of lien on funds in the amount of $14,895.04. DUFCU received this notice of claim of lien on funds whereupon the lien on funds became effective. N.C. Gen. Stat. § 44A-18(6) (2001) ("A lien upon funds granted under this section is perfected upon the giving of notice in writing to the obligor as provided in G.S. 44A-19 and shall be effective upon the obligor's receipt of the notice."). Upon receipt of such notice, DUFCU was "under a duty to retain any funds subject to the lien or liens under this Article up to the total amount of such liens as to which notice has been received." N.C. Gen. Stat. § 44A-20(a) (2001). It is undisputed that at the time of the receipt of notice of plaintiff's lien on funds, DUFCU still owed an amount exceeding $14,895.04 under the terms of the construction project contract. Therefore, N.C.G.S. § 44A-20 required

**MARTIN ARCHITECTURAL PRODS., INC. v. MERIDIAN CONSTR. CO.**

[155 N.C. App. 176 (2002)]

DUFCU to retain at least the $14,895.04 claimed by plaintiff upon receipt of notice of the lien.

However, in *Builders Supply v. Bedros*, our Court allowed the amount owed to the subcontractor in that case to be determined in light of setoffs paid by the owner required to finish the construction following a breach by the contractor. 32 N.C. App. 209, 212, 231 S.E.2d 199, 201 (1977). DUFCU claims in the present case that following a breach by Incotech, it was required to spend an additional $25,846.07 in order to bring Incotech's work into conformity with the contract specifications. If this cost was permitted to be setoff against the $54,752.47 contract balance owed Incotech at the time of its termination, $28,906.40 would remain due under the contract. Therefore, having not made any additional payments on the contract, DUFCU should still have retained an amount in excess of the $14,895.04 claimed by plaintiff.

DUFCU also seeks to include in its setoff costs, the attorney's fees it claims resulted from the termination of the Incotech contract. DUFCU claims it incurred $46,046.37 in attorney's fees and costs as a result of the alleged breach by Incotech. DUFCU asserts that these expenses were the result of approximately 340 hours of work by attorneys, as well as other costs of litigation necessitated by multiple lawsuits and arbitration filed by Incotech and its subcontractors against DUFCU following the alleged breach by Incotech. If these attorney's fees and costs were included in any setoff amount, there would be no money owed on the Incotech contract, and therefore, no funds to which plaintiff's lien could attach.

As correctly stated by DUFCU, the general rule in North Carolina is that a party may not recover its attorney's fees unless authorized by statute. *Bailey v. State*, 348 N.C. 130, 159, 500 S.E.2d 54, 71 (1998) (citing *Horner v. Chamber of Commerce*, 236 N.C. 96, 97, 72 S.E.2d 21, 22 (1952)); *Stillwell Enterprises, Inc. v. Interstate Equipment Co.*, 300 N.C. 286, 289, 266 S.E.2d 812, 814-15 (1980); *Harborgate Prop. Owners Ass'n, Inc. v. Mountain Lake Shores Dev. Corp.*, 145 N.C. App. 290, 297-98, 551 S.E.2d 207, 212 (2001), *disc. review denied*, 356 N.C. 301, 570 S.E.2d 506 (2002). DUFCU has not cited any such statute, and a review of the North Carolina General Statutes shows no statute that specifically allows for recovery of attorney's fees due to the alleged breach of a construction contract by a contractor. *Hicks v. Clegg's Termite & Pest Control, Inc.*, 132 N.C. App. 383, 384-86, 512 S.E.2d 85, 86-87, *disc. review denied*, 350 N.C. 831, 538 S.E.2d 196

MARTIN ARCHITECTURAL PRODS., INC. v. MERIDIAN CONSTR. CO.

[155 N.C. App. 176 (2002)]

(1999) (noting that the General Assembly could have included breach of contract claims in the General Statutes' exceptions but chose not to do so, thus refusing to read such a claim into the language of N.C. Gen. Stat. § 6-21.1); *see also Winston-Salem Wrecker Ass'n v. Barker*, 148 N.C. App. 114, 121, 557 S.E.2d 614, 619 (2001) ("Because statutes awarding an attorney's fee to the prevailing party are in derogation of the common law, N.C.G.S. § 6-21.5 must be strictly construed.") (citing *Sunamerica Financial Corp. v. Bonham*, 328 N.C. 254, 257, 400 S.E.2d 435, 437 (1991)). Furthermore, recovery of attorney's fees, even when authorized by statute is within the trial court's discretion and will only be reviewed for an abuse of that discretion. *Phillips v. Warren*, 152 N.C. App. 619, 629, 568 S.E.2d 230, 236-37 (2002) (citing *Coastal Production v. Goodson Farms*, 70 N.C. App. 221, 226, 319 S.E.2d 650, 655, *disc. review denied*, 312 N.C. 621, 323 S.E.2d 922 (1984)); *Jones v. Wainwright*, 149 N.C. App. 869, 872, 561 S.E.2d 594, 596 (2002).

In contrast, the

purpose of the materialman's lien statute is to protect the interest of the supplier in materials it supplies; the materialman, rather than the mortgagee, should have the benefit of materials that go into property and give it value. To implement this purpose, courts should construe the statute so as to further the legislature's intent.

*Carolina Builders Corp. v. Howard-Veasey Homes, Inc.*, 72 N.C. App. 224, 239, 324 S.E.2d 626, 629, *disc. review denied*, 313 N.C. 597, 330 S.E.2d 606 (1985); *see also Southeastern Steel Erectors v. Inco, Inc.*, 108 N.C. App. 429, 432, 424 S.E.2d 433, 463 (1993) ("[T]he primary purpose of a lien statute is 'to protect laborers and materialmen who expend their labor and materials upon the buildings of others.' ") (citations omitted); *Embree Construction Group v. Rafcor, Inc.*, 330 N.C. 487, 492, 411 S.E.2d 916, 920 (1992) ("The purpose of this lien statute is to protect the interest of the contractor, laborer or materialman."). Considering the strong public policy in favor of protecting laborers and materialmen who supply labor and materials to building projects, as evidenced in the materialman's lien statutes, compared with the prohibition against awarding attorney's fees in the absence of a statutory provision, we hold that, assuming there was a breach of contract by Incotech, DUFCU could not setoff its attorney's fees from the amount owed on the contract and thereby defeat plaintiff's lien. To allow such an action would serve to frustrate the purposes of the lien laws in North Carolina.

In summary, we reverse the trial court's grant of summary judgment for plaintiff on its sixth claim for relief and remand with instructions to grant summary judgment to DUFCU as to that claim. We affirm the trial court's grant of summary judgment for plaintiff on its fifth claim for relief.

Reversed and remanded in part; affirmed in part.

Judges HUDSON and THOMAS concur.