Edwards v. Vanguard Fiduciary Trust Co., 2019 NCBC 77.

STATE OF NORTH CAROLINA

FORSYTH COUNTY

PHILLIP KENNETH EDWARDS,

　　　　　Plaintiff,

v.

RUSSELL JOSEPH MUTTER,

　　　　　Defendant.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
18 CVS 2818

**ORDER AND OPINION ON MOTION
FOR JUDGMENT BY DEFAULT**

1.　　**THIS MATTER** is before the Court on Plaintiff Phillip Kenneth Edwards' ("Plaintiff") Motion for Judgment by Default (the "Motion") against Defendant Russell Joseph Mutter ("Defendant") pursuant to Rule 55(b) of the North Carolina Rules of Civil Procedure (the "Rule(s)").  (ECF No. 60.)

2.　　For the reasons set forth herein, the Court **GRANTS** in part and **DENIES** in part the Motion.

> *Brown, Faucher, Peraldo & Benson, LLC, by James R. Faucher
> and Drew Brown, for Plaintiff Phillip Kenneth Edwards.*
>
> *Defendant Russell Joseph Mutter did not appear.*

Robinson, Judge.

## I.　PROCEDURAL BACKGROUND

3.　　Plaintiff initiated this action on May 29, 2018 by filing the Complaint.[1] (ECF No. 2.)

---

[1] In the Complaint, Plaintiff asserted claims against Vanguard Fiduciary Trust Company and Allegacy Federal Credit Union; however, Plaintiff later dismissed all claims against them with prejudice on June 19, 2019 and June 10, 2019 respectively.  (ECF Nos. 56, 57.)

4. On September 13, 2018, Plaintiff filed a Motion for Entry of Default as to Defendant pursuant to Rule 55(a). (ECF No. 26.) An assistant Clerk of Forsyth County Superior Court entered an Entry of Default against Defendant on September 18, 2018, which was filed with this Court on September 27, 2018. (ECF No. 29.) Consistent with Rules 7.1 and 7.6 of the North Carolina Business Court Rules, this Court struck the Clerk's entry and ordered that Defendant had to and including October 9, 2018 to respond in opposition to the Motion for Entry of Default. (ECF No. 30.)

5. Defendant failed to respond, and the Court granted the Motion for Entry of Default and entered the Order on Plaintiff's Motion for Entry of Default on October 11, 2018. (ECF No. 35.)

6. On July 19, 2019, Plaintiff filed the Motion and a brief in support. (ECF Nos. 60, 62.) That same day, Plaintiff filed an Affidavit of Phillip Kenneth Edwards verifying the allegations made in the Complaint. (Aff. Phillip Kenneth Edwards, ECF No. 61 ["Aff."].)

7. On September 4, 2019, Plaintiff filed Return of Service for Motion for Default Judgment, indicating that Plaintiff served Plaintiff's Motion for Judgment by Default on Defendant. (ECF No. 63.)

8. The Court entered a Notice of Hearing and Scheduling Order on November 14, 2019 (the "Scheduling Order"). (Not. Hearing & Scheduling Order, ECF No. 64 ["Not. Hearing"].) The Scheduling Order noticed a hearing on the Motion and ordered Plaintiff to serve a copy of the Scheduling Order on Defendant and file proof of service.

(Not. Hearing ¶¶ 2–3.) Plaintiff filed proof of service on Defendant by certified mail on November 22, 2019. (ECF No. 65.)

9. The Court held a hearing on the Motion on December 17, 2019. (*See* ECF No. 64.) Defendant failed to respond to the Motion or appear at the December 17 hearing.

10. This matter is now ripe for resolution.

## II. FINDINGS OF FACT

11. "When default is entered due to a defendant's failure to answer, the substantive allegations contained in plaintiff's complaint are no longer at issue, and for the purposes of entry of default and default judgment, are deemed admitted." *Luke v. Omega Consulting Grp., LC*, 194 N.C. App. 745, 751, 670 S.E.2d 604, 609 (2009) (citation omitted). Neither North Carolina case law nor statutory law prohibits the Court from considering allegations in conjunction with a motion for default judgment that are based upon information and belief. *Blakenship v. Town & Country Ford, Inc.*, 174 N.C. App. 764, 767, 622 S.E.2d 638, 641 (2005).

12. Plaintiff is a citizen and resident of Montgomery County, North Carolina. (Compl. ¶ 1.)

13. Defendant is a citizen and resident of Forsyth County, North Carolina. (Compl. ¶ 5.)

14. Vanguard Fiduciary Trust Company ("Vanguard") is a corporation organized and existing pursuant to the laws of Pennsylvania. (Compl. ¶ 3.)

15. In 2014, Plaintiff was referred to Defendant for investment advisory services. (Compl. ¶ 8.) Based on Plaintiff's belief that Defendant was acting as Vanguard's agent, Plaintiff later made the decision to enter into an agreement with Vanguard and Defendant, pursuant to which Vanguard and Defendant were to provide investment services and safeguard Plaintiff's retirement funds. (Compl. ¶¶ 9–11.) Plaintiff transferred a "substantial portion" of his retirement savings, approximately $418,692.27, to Vanguard (the "Vanguard Account"). (Compl. ¶ 15.)

16. On or about September 24, 2014, Vanguard granted Defendant "full agent" status to the Vanguard Account, without notification to or consent of Plaintiff, which allowed Defendant to transfer Plaintiff's funds out of the Vanguard Account without Plaintiff's knowledge or approval. (Compl. ¶¶ 18–19.)

17. Defendant obtained full agent status by submitting an electronic authorization to Vanguard. (Compl. ¶ 20.) The authorization was submitted from IP address 24.163.30.211, which is the home or office of Defendant in Clemmons, North Carolina. (Compl. ¶¶ 20–21.)

18. Plaintiff was not notified that Defendant obtained full agent status over the Vanguard Account until on or about April 4, 2018. (Compl. ¶ 22.) Prior to that date, Defendant used his full agent status to "drain" the Vanguard Account of substantially all of Plaintiff's funds. (Compl. ¶ 24.)

19. Vanguard issued payments to Defendant, without the notice to or consent of Plaintiff, from Plaintiff's retirement funds on the following dates and in the following amounts:

a. October 3, 2014 for $25,000.00;

b. October 23, 2014 for $60,000.00;

c. November 13, 2014 for $75,000.00;

d. January 5, 2016 for $30,000.00;

e. April 6, 2016 for $20,000.00;

f. July 29, 2016 for $20,000.00;

g. August 23, 2016 for $20,000.00;

h. August 30, 2016 for $7,500.00;

i. November 18, 2016 for $10,000.00;

j. December 21, 2016 for $7,000.00;

k. July 7, 2017 for $10,000.00; and

l. January 19, 2017 for $10,000.00.

(Compl. ¶¶ 25–26.)

20. Some or all of the above-referenced payments issued to Defendant were deposited by check into Defendant's bank account at Allegacy Federal Credit Union. (Compl. ¶ 28.)

21. Defendant concealed his misconduct by providing Plaintiff with forged account statements. (Compl. ¶ 35.) Plaintiff did not become aware of the falsity of his account statements until December 7, 2017 and did not become aware that Defendant removed funds from the Vanguard Account without his consent until on or about January 2, 2018. (Compl. ¶¶ 37–38.)

## III.    ANALYSIS

22.    The Motion requests entry of default judgment against Defendant pursuant to Rule 55(b)(2)(b).  For an order for default judgment to be valid, there must be compliance with Rule 55 and N.C.G.S. § 1-75.11.  *Hill v. Hill*, 11 N.C. App. 1, 6–7, 180 S.E.2d 424, 428 (1971).  Pursuant to N.C.G.S. § 1-75.11, **"[w]here a defendant fails to appear in the action within apt time the court shall, before entering a judgment against such defendant, require proof of service of the summons in the manner required by G.S. 1-75.10"** and proof of personal jurisdiction.

23.    When personal jurisdiction is claimed over the defendant, the court "shall require proof by affidavit or other evidence, to be made and filed, of the existence of any fact not shown by verified complaint which is needed to establish grounds for personal jurisdiction over the defendant."  N.C.G.S. § 1-75.11(1).

### A.    Service of Process and Personal Jurisdiction

24.    At the time that Plaintiff attempted service of process on Defendant and through the date of this Order, Defendant has been detained at the Forsyth County Detention Center.  The record reflects that Defendant was served a copy of the summons and the complaint on June 4, 2018 by the Deputy Sheriff at 201 North Church Street, Winston-Salem, North Carolina, 27101, which is the address of the Forsyth County Detention Center.  (ECF No. 3.)  Therefore, Plaintiff sufficiently served Defendant with the complaint and summons as required by N.C.G.S. § 1-75.10.  *See* N.C.G.S. § 1-75.10(a)(1); *see also Harrington v. Rice*, 245 N.C. 640, 642, 97 S.E.2d 239, 240 (1957) ("When the return shows legal service by an authorized officer,

nothing else appearing, the law presumes service. The service is deemed established unless, upon motion in the cause, the legal presumption is rebutted by evidence upon which a finding of nonservice is properly based.").

25. "There is a distinction between obtaining jurisdiction by service of process and the proof of jurisdiction as required by G.S. 1-75.11 before entry of a judgment against a nonappearing defendant." *Hill,* 11 N.C. App. at 8, 180 S.E.2d at 429. N.C.G.S. § 1-75.11 requires proof of jurisdiction before a judgment may be entered. *Id.* at 7, 180 S.E.2d at 428. An allegation that the defendant is a citizen and resident of North Carolina in a verified complaint is sufficient to prove personal jurisdiction for the purposes of N.C.G.S. § 1-75.11. *See General Foods Corp. v. Morris*, 49 N.C. App. 541, 543, 272 S.E.2d 17, 18 (1980).

26. Plaintiff sufficiently alleged facts to support a finding of personal jurisdiction in his complaint later verified by affidavit. (Compl. ¶ 5; *see also* ECF No. 61.)

### B. Stating a Claim

27. While the factual allegations in the Complaint are admitted, "[n]evertheless, the allegations in the complaint must support a plaintiff's claims in order for the court to enter a judgment by default in the plaintiff's favor." *Islet Scis., Inc. v. Brighthaven Ventures LLC*, 2018 NCBC LEXIS 12, at * 5 (N.C. Super. Ct. Feb. 9, 2018). "In determining whether the allegations are sufficient to state a claim for relief . . . every reasonable intendment and presumption must be made in favor of the pleader." *Brown v. Cavit Scis., Inc.*, 230 N.C. App. 460, 467, 749 S.E.2d 904, 909

(2013). "If any portion of the complaint . . . presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose fairly can be gathered from it, the pleading will stand[.]" *Id.* (quoting *Presnell v. Beshears*, 227 N.C. 279, 281, 41 S.E.2d 835, 837 (1947)) (quotation marks omitted).

28. Plaintiff asserts three claims against Defendant: (1) breach of contract; (2) breach of fiduciary duty; and (3) constructive fraud.

### 1. Breach of Contract

29. "The elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract." *Supplee v. Miller-Mottee Bus. Coll., Inc.*, 239 N.C. App. 208, 216, 768 S.E.2d 582, 590 (2015) (citation and quotation marks omitted). It is not necessary that a plaintiff attach a written contract or incorporate its terms verbatim to sufficiently state a claim for breach of contract. *See Wray v. City of Greensboro*, 370 N.C. 41, 54, 802 S.E.2d 894, 903 (2017); *see also Daniel Grp., Inc. v. Am. Sales & Mktg.*, 2016 NCBC LEXIS 112, at *10–11 (N.C. Super. Ct. Dec. 15, 2016).

30. Plaintiff sufficiently alleged the existence of a contract between Plaintiff and Defendant pursuant to which Plaintiff invested his retirement savings with Defendant, and Plaintiff paid a commission or fees to Defendant in exchange for Defendant's investment services and agreement to safeguard Plaintiff's retirement funds. (Compl. ¶¶ 11, 41.) Plaintiff further alleged specific conduct that Defendant undertook in breach of the contract, including failing to safeguard Plaintiff's

retirement savings; failing to provide Plaintiff with investment services; and stealing Plaintiff's retirement savings. (Compl. ¶ 44.)

31. Plaintiff need not allege specific provisions of the contract at issue. *See Daniel Grp., Inc.*, 2016 NCBC LEXIS 112, at *10–11 (declining to dismiss a breach of contract claim when the complaint as a whole alleged facts to show the existence of an oral contract and that the defendants breached a particular aspect of the oral contract regardless of the fact that specific contract terms were not alleged). Based on the factual allegations in the Complaint, the Court can discern that Plaintiff alleges that he and Defendant entered into a contract in relation to Defendant's investment-advisor services and that Defendant breached any safeguarding provisions therein to Plaintiff's injury.

32. Plaintiff has sufficiently stated a claim for breach of contract and has also sufficiently demonstrated multiple breaches and damages caused thereby. Therefore, Plaintiff's Motion as to his breach of contract claim should be GRANTED.

### 2. Breach of Fiduciary Duty

33. To support a claim for breach of fiduciary duty, a plaintiff must allege (1) that the defendant owes the plaintiff a fiduciary duty through the existence of a fiduciary relationship, and (2) that the defendant breached that duty. *Surratt v. Brown*, 2015 NCBC LEXIS 75, at *19 (N.C. Super. Ct. July 27, 2015). "For a breach of fiduciary duty to exist, there must first be a fiduciary relationship between the parties." *Green v. Freeman*, 367 N.C. 136, 141, 749 S.E.2d 262, 268 (2013). "In North Carolina, a fiduciary duty can arise by operation of law (*de jure*) or based on the facts

and circumstances (*de facto*)[.]" *Austin v. Regal Inv. Advisors, LLC*, 2018 NCBC LEXIS 3, at *17 (N.C. Super. Ct. Jan. 8, 2018). North Carolina law has not recognized an investment advisor-client relationship as a *de jure* fiduciary relationship. *See Silverdeer, LLC v. Berton*, 2013 NCBC LEXIS 21, at *26–28 (N.C. Super. Ct. Apr. 24, 2013).

34. A *de facto* fiduciary relationship has been defined broadly and can arise in a variety of circumstances; however, "[t]he standard for finding a *de facto* fiduciary relationship is a demanding one[.]" *Lockerman v. S. River. Elec. Membership Corp.*, 250 N.C. App. 631, 636, 794 S.E.2d 346, 352 (2016). "Only when one party figuratively holds all the cards – all the financial power or technical information, for example – have North Carolina courts found the special circumstance of a fiduciary relationship arisen." *S.N.R. Mgmt. Corp. v. Danube Partners 141, LLC*, 189 N.C. App. 601, 613, 659 S.E.2d 442, 451 (2008) (citation omitted).

35. Plaintiff fails to allege or produce evidence of any special circumstances regarding Plaintiff and Defendant's relationship that would give rise to a *de facto* fiduciary relationship. An investment advisor-client relationship, standing alone, is insufficient to support Plaintiff's breach of fiduciary duty claim. *See Silverdeer, LLC*, 2013 NCBC LEXIS 21, at *25. Therefore, Plaintiff's Motion as to his breach of fiduciary duty claim should be DENIED.

### 3. Constructive Fraud

36. A claim for constructive fraud requires a plaintiff allege "(1) that the defendant owes the plaintiff a fiduciary duty; (2) that the defendant breached that

duty; and (3) that the defendant sought to [and actually benefited] himself in the transaction." *Ironman Med. Props., LLC v. Chodri*, No. COA18–108, 2019 N.C. App. LEXIS 969, at \*18 (N.C. Ct. App. 2019) (citing *Crumley & Assocs., P.C. v. Charles Peed & Assocs., P.A.*, 219 N.C. App. 615, 620, 730 S.E.2d 763, 767 (2012)) (quotation marks omitted). "The primary difference between pleading a claim for constructive fraud and one for breach of fiduciary duty is the intent and showing that the defendant benefited from his breach of duty." *Ironman Med. Props., LLC*, No. COA18-108, 2019 N.C. App. LEXIS 969, at \*18.

37. As already determined by the Court, Plaintiff has not sufficiently demonstrated that a relationship of trust and confidence existed at any relevant time between Plaintiff and Defendant. Therefore, Plaintiff's Motion as to his constructive fraud claim should be DENIED.

## C. **Damages**

### 1. **Compensatory Damages**

38. Plaintiff alleges that Defendant took $294,500.00 from Plaintiff's retirement account without notice to or consent of Plaintiff and deposited the same in Defendant's personal bank account. (Compl. ¶¶ 26–29.) The Court concludes that on the facts deemed admitted, Plaintiff is entitled to recover $294,500.00 in compensatory damages from Defendant based on Defendant's breach of contract.

### 2. **Punitive Damages**

39. Pursuant to N.C.G.S. § 1D-15

Punitive damages may be awarded only if the claimant proves that the defendant is liable for compensatory damages and that one of the

following aggravating factors was present and was related to the injury for which the compensatory damages were awarded:

(1) Fraud.

(2) Malice.

(3) Willful or wanton conduct.

N.C.G.S. § 1D-15(a). "Punitive damages shall not be awarded against a person solely for breach of contract." N.C.G.S. § 1D-15(d). "Punitive damages are not allowed even when the breach is willful, malicious or oppressive." *Cash v. State Farm Mut. Auto. Ins. Co.*, 137 N.C. App. 192, 200, 528 S.E.2d 372, 377 (2000). "When the breach of contract also constitutes or is accompanied by an identifiable tortious act, the tort committed may be grounds for recovery of punitive damages." *Shore v. Farmer*, 351 N.C. 166, 170, 522 S.E.2d 73, 76 (1999).

40.     As explained by the Court above, Plaintiff's claims for breach of fiduciary duty and constructive fraud fail based on the record before the Court. Plaintiff's breach of contract claim alone cannot support his claim for punitive damages. Therefore, Plaintiff's request for punitive damages should be DENIED.

### 3.     Attorney's Fees

41.     In the Complaint, Plaintiff separately requests that his attorney's fees be taxed against Defendant. "[T]he general rule in North Carolina is that a party may not recover its attorney's fees unless authorized by statute." *Martin Architectural Prods., Inc. v. Meridian Constr. Co.,* 155 N.C. App. 176, 181, 574 S.E.2d 189, 192 (2002). There is no basis in law alleged or proven that would justify this relief. Further, there is no evidence before the Court as to the time spent by Plaintiff's

counsel in pursuit of judgment against Defendant. As a result, the request for attorney's fees should be DENIED.

## IV. CONCLUSION

42. **THEREFORE**, the Court concludes that:

    a.    Plaintiff's Motion for Judgment by Default is **GRANTED** as to Plaintiff's claim for breach of contract and Plaintiff shall have and recover from Defendant Russell Joseph Mutter the amount of $294,500.00 in compensatory damages.

    b.    Plaintiff's Motion for Judgment by Default is **DENIED** as to Plaintiff's claims for breach of fiduciary duty and constructive fraud.

    c.    Plaintiff's request for punitive damages is **DENIED.**

    d.    Plaintiff's request for attorney's fees is **DENIED**.

    e.    The costs of this action incurred by Plaintiff are taxed to Defendant.

**SO ORDERED**, this the 17th day of December, 2019.

/s/ Michael L. Robinson

Michael L. Robinson
Special Superior Court Judge
  for Complex Business Cases